JACKSON
v.
POTTER.

JACKSON, *ex dem.* ROGERS AND OTHERS, *against* POTTER.

A devise of lands will not pass lands acquired subsequently to the execution and publication of the will. And a republication of a will, so as to affect the after acquired lands, must be made with the same solemnities as the execution of the original will.

Where a person made a will in 1805, devising all his estate, and afterwards became seised of other lands, and in his last sickness, in 1810, declared that he had made a disposition of *all his estate,* by a will which he had deposited with S., and that he did not wish to alter it, except to add another executor; this was held not to amount to a republication of the will, so as to pass the after acquired lands.

THIS was an action of ejectment for 100 acres of land, in the town of *Moreau,* in the county of *Saratoga.* The facts in the case were as follows: *James Rogers,* in his lifetime, was seised in fee of the premises in question, and died so seised, the 3d *November,* 1810, leaving two of the lessors his heirs at law, by *Elizabeth Rogers,* the other lessor. On the 19th *October,* 1805, he made his will, which was duly executed, in which, after devising several farms, there were the following clauses: "Sixthly, I give, devise, and bequeath, unto my son, the said *Walter,* the natural son of the said *Elizabeth,* otherwise *Betsey Arthur,* and unto my son *Charles,* the natural son of my said wife, born before wedlock, and to their several and respective heirs and assigns, the rest, residue, and remainder, of all my real estate, whatsoever and wheresoever the same may be, to be equally divided between them, share and share alike: and I do further give and bequeath unto the said *Walter, Charles,* and *Abby,* and to their respective heirs and assigns, all the rest and residue of my personal estate of what nature or kind soever, provided I should die, leaving no other child or children; but in case I should die leaving another child or children, then, and in such case, the said rest, residue, and remainder of such personal estate, I give and bequeath unto the said *Walter, Charles,* and *Abby,* and such other child or children, and to their respective heirs and assigns, in each case, to be equally divided between them, share and share alike." The testator did not own the premises at the time of making his will; but acquired the same afterwards. After he became seised of the premises in question, he enclosed the said will in a letter to *Susannah Case,* in the following words: "Mrs. *Case,* enclosed is my will, which you are requested to keep, and, when it becomes proper to open the same, it must be done in the presence of two of the executors, and eight other persons. *James Rogers.*" The letter, with the will, was delivered to Mrs. *Case,* who gave the testator a receipt signed and sealed by her. The letter enclosing the will was not attested by any witness. After acquiring the premises, the testator said to one of the executors, named in the will, "I have made my will and deposited it with *Susannah Case,* and have appointed you one of my executors, and wish you to ac-

1

cept the trust. You will find, enclosed in the will, a memoran- <span style="float:right"></span>
dum in writing, directing the manner of proceeding;" which me-
morandum was made at the time the will bears date. After ac-
quiring the premises, the testator, also, in his last sickness, on the
2d *November*, 1810, said that he had made a disposition of all his
estate, by will, and had deposited the will with *Susannah Case*,
enclosing a memorandum directing her how to proceed, which was
the same as above stated. He also said, that all the alteration he
wished to make in the will was to appoint another executor, and
wished *B. J. Clark* to be the person.

JACKSON
v.
POTTER.

*H. Bleecker*, for the plaintiff, contended, 1. That the premises
in question being acquired subsequent to the execution of the will,
did not pass by it;\* 2. That the facts stated in the case did not
amount to a republication. And a revocation or republication must
be attended with the same solemnities as the execution of the will
itself. The statute relative to wills is express on the subject.†

\* *Jackson* v.
*Holloway*, ?
*Johns. Rep.*
394. 1 *Saund.*
277. n. 4.
*Peake's Ev.*
(384) 413. 2.
*Wooddeson*,
366, 367.

*Skinner*, contra, contended, that by the common law the facts
stated in the case amounted to a republication. Then does the
statute alter the common law in this respect? The statute applies
to alterations of a will, not to a republication; and the case of
*Jackson* v. *Holloway* was that of an alteration. The statute, no
doubt, intended to prevent any implied revocations and alterations,
and to exclude parol evidence of such revocations or alterations.
There was no actual alteration of the will in this case. The parol
proof would not infringe or militate against any salutary object of
the statute; but is consistent with the intent of the statute, and of
the will. There is great confusion and contradiction in the *En-
glish* decisions on this subject. This court has not decided the
point, and is now free to settle it, on principle, unshackled by the
authority of *English* adjudications.

† *Laws*, v. 1.
p. 178. sess. 24.
c. 9. s. 3.
which is the
same as s. 6,
29 *Car.* II. c-
3.

Before the statute of frauds, it was necessary that a will should
be in writing, to pass lands. The admission of a republication, or of
parol evidence, to show that the testator meant to pass the after
acquired land, is merely to rebut the legal presumption that he in-
tended only to pass the lands possessed by him at the time of
making his will; and parol evidence is always admissible to rebut
an equity, or repel a legal presumption.‡ Since the statute of
frauds, parol evidence has been admitted to rebut a parol revocation,
or circumstances amounting to a revocation. An implied revoca-

‡ *Brady* v.
*Cubitt*, *Doug.*
39. *Skin.* 227.
2 *W. Bl.* 522.
1 *Ld. Raym.*
144.

NEW YORK,
Oct. 1812.

SPENCER
v.
SOUTHWICK.

* 5 T Rep.
49. 58 Doe v.
Lancashire. 2
East, 530.540.
Kennelel v.
Scrafton.

tion has been put on the ground of " a tacit condition, annexed to the will when made, that it should not take effect if there should be a total change in the situation of the testator's family."* The parol evidence or republication in this case, operates to give the will effect.

*Per Curiam.* The law is too well settled to be now questioned, that a devise of lands will not operate upon lands purchased after the execution and publication of the will, unless, subsequent to such purchase or seisin, the devisor republish his will, with the requisite solemnities. And it is equally well settled that the republication of the will, so as to affect the after acquired lands, must be made with like solemnity as the execution of the original will. The statute (*Laws*, v. 1. p. 178.) says, that no such will shall be revoked, or altered, but by another writing, executed in like manner, or by destroying it. Here was no such republication, nor does the case come within any of the decisions relative to constructive revocations in law. (See 1 *Saund.* 277. *note* 4.) The plaintiff is entitled to judgment.

Judgment for the plaintiff.