HERMAN BRUEN and Wife v. JOHN BRAGAW et al

Lands acquired after the publication of a will, will not pass by a devise in the will.

BILL for specific performance. Demurrer for the want of equity.

This was an amicable suit, for the purpose of obtaining the opinion of the court upon a question of law. The nature of the case is clearly stated by the complainant's counsel.

*C. Parker*, on behalf of the complainants, submitted the cause on the following brief.

The bill of complaint in this cause recites, and is founded on, certain articles of agreement for the purchase and sale of land, situate in the city of Newark, duly sealed and executed, dated April first, 'eighteen hundred and forty-one; whereby Herman Bruen agrees to sell, and Bragaw, one of the defendants, to buy the same. The articles provide, that if one Alexander McWhorter, now a minor, should prove to have any interest in the land in question, Mr. Bruen will convey the title of all persons having an interest in the land, except the said minor's, and with the conveyance of the same deliver a bond with surety, in the penalty of fifteen hundred dollars, conditioned to save harmless, &c. against the claim of said McWhorter, when of age. On the delivery of such deed and bond, Bragaw engages to pay four thousand three hundred dollars.

The bill then avers Bruen and wife (Mr. Bruen being seized

[Bruen v. Bragaw et al.]

in right of his wife) to be ready to perform the agreement on their part, and when paid the said four thousand three hundred dollars, to deliver the deed aforesaid and bond; but charges, that Bragaw, confederating with the other defendants, refuses to perform, on the ground that the complainants are unable to make a good title, for the reasons following :

1. Because this property passed by the will of Mrs. Phebe McWhorter, deceased, under the residuary clause thereof, to James Bruen and George H. McWhorter, two of the defendants, as trustees, to hold the same and pay the profits to Mrs. Bruen, the complainant, and at her death to convey to her issue her surviving; that Mrs. Bruen now has two children, Herman W. Bruen and Adriana McWhorter Bruen, junior, also defendants, so that their rights are vested ; or,

2. Because by a proviso in the same will, if Mrs. Bruen, then Miss Adriana McWhorter, did not, before her marriage, settle to her sole separate use, the property she derived from her father, the bequest to her was to be void, and shift to " The Trustees of the Theological Seminary of the Presbyterian Church ;" and she having made no such settlement, this property, with the rest, had so shifted ; or,

3. Because the will did not pass the property, and the title to it was, therefore, in the heirs-at-law of Mrs. McWhorter, viz. :, Juliana M. Macomb, widow, Mary C. Howell, widow, George H. McWhorter, and Mrs. Bruen, the complainant, beside Alexander McWhortor, junior, the minor mentioned in the agreement.

Whereas the complainants charge, that,

1. Mrs. McWhorter's will bears date April first, eighteen hundred and twenty-six, while this property did not vest in her, Mrs. Phebe McWhorter, deceased, until Alexander M. Taylor and wife, then seized, did by deed, dated March third, eighteen dred and twenty-nine, convey the same to her ; wherefore, by law, no title in the property passed to the trustees aforesaid, but that it descended to the heirs at law aforesaid.

2. That the heirs at law, by deeds dated as follows : Mary

C. Howell's, July twenty-first, eighteen hundred and forty-one; Julia M. Macomb's, June first, eighteen hundred and forty-one; George H. McWhorter and wife's, June fourteenth, eighteen hundred and forty-one—duly executed and recorded, did convey all their title to Mrs. Bruen, one of the complainants; so that all title has vested in her, and can be conveyed by her, save that of Alexander McWhorter, junior, whose rights were excepted by the agreement as above mentioned.

3. That if the title did vest in the trustees, (which they deny,) Mrs. Bruen did, prior to her marriage, make the settlement provided for by the will, wherefore no title can have possibly vested in the Trustees of the Theological Seminary of the Presbyterian Church; and the reasons of the defendants being, therefore, insufficient, they pray a specific performance.

To this bill, (all the defendants having appeared, the minor children of complainants by their guardian, *ad litem*, Alexander M. Bruen, the rest by regular acknowledgment of service, &c.) two demurrers have been filed; one by the Trustees of the Theological Seminary, and the other by A. C. M. Pennington, solicitor for all the other defendants.

On these demurrers the question is, the facts being admitted, ought a decree to pass for complainants; depending, it is apprehended, wholly on the question, Does a will published previously to the seizin of real estate by the testator, affect such after acquired property ?

The courts of law hold, that a devise affecting lands, can operate on those only of which the testator was possessed at the time of executing his will, and not on any lands acquired afterwards: 6 *Cruise's Digest*, 34.

In support of this, he refers to 11 *Mod.* 121 ; 1 *Salk.* 237; 3 *Bro. Par. Cases.*

Judge Kent says, (4 *Com.* 510,) "It is the settled rule of the English laws, that the testator must be seized of the lands devised at the time of making the will. The devise is in the nature of a conveyance or an appointment of a particular estate,

and therefore, lands purchased after the execution of the will, do not pass by it."

The decisions proceed upon the ground, first, that devises of lands were appointments to *uses*, wherefore they could operate on such only as were possessed by testator at the time of such appointment; second, on the language of the statute of wills, its words being, " all and every such person having manors, &c., or having a sole estate, &c." from which it follows that devisor must have the estate at the time of making his will, for he cannot devise what he has not in him then: 6 *Cruise's Dig.* 34.

Blackstone (2 *Com.* 378) makes the reason of the rule, the fact that the law considers wills of land in the light of a species of conveyance. Vide, also, on this point, lord Mansfield, in *Harwood* v. *Goodright, Cowper's Reports,* 90.

The rule is so rigorous in England, that no lands after purchased, though the testator saith so, may pass by the will: 1 *Williams' Ex.* 7, and notes.

The law is the same in every state in America, which has not altered the common law by statute. The New-York revised statutes have done so, but before their operation, the English rule prevailed. Vide *Jackson* v. *Potter,* 9 *John.* 312; *McKinnon* v. *Thomson,* 3 *John. Chan.* 307; *Livingston* v. *Newkirk,* 3 *John. Chan.* 312; *Minuse* v. *Coxe,* 5 *John. Chan.* 441.

In Massachusetts, the English rule is the fixed law: *Ballard* v. *Carter,* 5 *Pick.* 114; *Hays* v. *Jackson,* 6 *Mass.* 149.

In Maine, the general rule of the English law was admitted: *Carter* v. *Thomas,* 4 *Greenleaf,* 341.

In Pennsylvania the same rule holds: *City of Philadelphia* v. *Davis,* 1 *Wharton,* 490; *Gerard* v *City of Philadelphia,* 4 *Rawle,* 323.

Though there has been no decision on this point in New-Jersey, the law is, it is believed, in practice, firmly settled according to the English rule. The point is raised now, in order to

[Bruen v. Bragaw et al.]

obtain the sanction of a court of law directly to the point, and the suit is amicable for that purpose.

A dictum of chancellor Vroom, in *Stark* v. *Hunton*, *Saxton*, 228, 229, implies that the law in New-Jersey coincides in this respect, with that of the states above referred to.

We have, properly speaking, no statute which like 32 *Henry* viii. c. 1, originates the right to devise lands. Our statute is but a copy of 29 *Car.* ii., c. 3, s. 5, implying as did that, the possibility of conveying lands by devise. No argument can, therefore, be drawn from the words of that statute, as not containing the word "having," supposed by some judges to lay at the foundation of the law in question. Did the absence of the word repeal the law on this subject, its absence in the statute, 29 *Car.* ii., of which ours is a copy, would produce the same effect.

The better reason for the rule, however, is given by Blackstone, lord Mansfield and others; that a devise is a conveyance, operating from its execution, and cannot take effect on what the testator had not, then, the right to convey.

THE CHANCELLOR. The demurrer presents for decision in this case, the sole question, whether lands acquired after the execution of a will, will pass by a devise in the residuary clause of that will. I take it to be well settled, that they will not. The devise is in the nature of a conveyance, and it can affect no lands purchased after the will is executed. This is clearly the rule of the English law, and in most of the states, except where a change is made by statute: 3 *John. Chan.* 310; 4 *Kent's Com.* 510; 9 *John.* 312; 6 *Mass.* 149; 11 *Modern*, 121; 1 *Salk.* 237; *Saxton*, 229.

The demurrer must, therefore, be overruled with costs.

Order accordingly.