## CAREY v. BAUGHN.

1. **Will**: REVOCATION AND REPUBLICATION. The republication of a will revoked by the subsequent birth of a child cannot be shown by parol evidence.

2. —— GENERAL RULE. In the absence of statutory provisions the same formalities are necessary to a republication as were required in the original publication.

*Appeal from Pottawattamie District Court.*

WEDNESDAY, JUNE 11.

ACTION of right for the possession of lot 6 in the original town of Council Bluffs.

The defendant claims that he owns the said lot in fee simple. The respective titles of the parties are derived as follows:

On the 2d of June, 1849, Stephen T. Carey duly executed his will, bequeathing all his estate, both real and personal, to

his wife Martha E. Carey. Afterward he became the owner of the lot in controversy. The plaintiff, Ida P. Cary, is the only child of Stephen and Martha E. Carey, and was born after the execution of the will, to wit, March 25, 1851. Stephen T. Carey died at Council Bluffs on the 10th day of March, 1855. Afterward, his widow, Martha E., intermarried with Cornelius Eubank, and they conveyed the property in dispute to Asenath Street, under whom the defendant claims title to the property.

The plaintiff claims it as the heir of Stephen T. Carey. The defendant introduced, as a witness, Dr. P. J. McMahon, who, against the objection of plaintiff, was permitted to testify substantially as follows:

"About ten days or two weeks before the death of Stephen T. Carey, I had a conversation with him in the presence of his wife and daughter. I informed him that death was imminent, and suggested the propriety of his making a will, inasmuch as he had considerable property. He said he had made a will before he left Indiana, willing all his property to his wife. I then suggested that his wife was young, and that he had better make some provision for his child. He said the child was also his wife's, and that she would provide for it, and that he would leave it as he had left it by his will that he had made in Indiana."

The testimony of Cornelius Voorhis was also introduced substantially to the same effect.

The plaintiff objected to all of this testimony as incompetent, and that the republishment of a will cannot be shown by parol, which objection the court overruled, and the plaintiff excepted.

The plaintiff asked the court to instruct the jury that "a will cannot be republished by oral declarations of the testator, and a republication of it cannot be established by parol." The court refused to give this instruction, and submitted to the jury the question whether a republication was shown by the evidence.

The jury returned a verdict for defendant. Plaintiff appeals.

*Robert Percival* for the appellant.

*Ross & Dailey* for the appellee.

DAY, J. — Numerous errors have been assigned and argued but one only requires consideration from us:

It is conceded here, and was upon the trial below, that the birth of Ida P. Carey, the plaintiff, worked an implied revocation of the will of Stephen T. Carey previously executed. *McCullem* v. *McKenzie*, 26 Iowa, 511. The question is, whether this revocation, which the law implies, may be rebutted or removed by proof of a parol republication.

In *Jack* v. *Shoenberger*, 22 Penn. St., cited by appellee, the testator made his will in 1828, with a residuary clause. The question was, whether a parol republication of the will was effective to pass to the residuary legatee, property acquired after the date of the execution of the will. It was held that a parol republication would have that effect; but the decision was based upon the ground that the original publication might be proved by parol. The court used the following language: Notwithstanding the sixth section of the act of 1705, republication of a written will might, under that act, be proved by parol, so as to pass real estate acquired subsequently to the date of the will. Subscribing witnesses to the execution of the will were not required, and as *publication* might be proved by parol so might republication, for the rule was that the same. solemnities, but no more, were required to republish as to publish it. *Harvard* v. *Davis*, 2 Binn. 415 ; *Jones* v. *Harley*, 2 Whart. 103. And such was the law in England until the sixth section of the act of 29 Charles II cut off parol republication, but this statute was never extended to Pennsylvania."

This case is no authority for the position of appellee, because when the will then under consideration was executed, subscribing witnesses to the execution of a will were not required in Pennsylvania, whereas when the will now under consideration was executed, a will was of no validity unless attested and subscribed in the presence of the testator by two or more

competent witnesses. Rev. Stat. of 1849, p. 667, § 5. Besides, this opinion recognizes the doctrine that the same solemnities are requisite to the republication as to the publication of a will, which amounts to a denial of the right to republish by parol, in all cases where the publication must be attested by subscribing witnesses.

The case of *Card* v. *Grinman*, also cited by appellee, is one respecting the evidence necessary to the revocation of a will, and has no reference to the steps necessary to republish a will once revoked. In this case the heirs sought to prove, by parol, that the testator declared the will not to be his will, and ordered it to be destroyed; and that the devisees named therein took it out of his possession and induced him to believe that they had destroyed it, for the purpose of establishing it after his death, contrary to his mind and will. Upon appeal it was held that this evidence should have been admitted and a new trial was granted. See *Card* v. *Grinman*, 5 Conn. 164. The note of the editors of American Leading Cases, to *Lawson* v. *Morrison*, 2 American Leading Cases, 674–676, is also cited by appellee. In this note it is said that where a will is not physically destroyed it may be restored by a republication, and that for this purpose any act or expression, which showed an intention to treat the will as a valid and subsisting instrument, was sufficient at common law, and that in the States of this country where no statutory provision has been enacted upon the subject, the question of republication stands as at common law. The review, however, of the authorities cited to sustain this position shows that something more than a mere parol declaration of intention to regard the will as existing, is regarded by most of them as necessary. The editors say that in *Wilter* v. *Mott*, 4 Conn. 67, the subject seems to have been misapprehended, and it was held that a will revoked by writing could not be republished by a mere verbal declaration. But they say that in *Card* v. *Grinman*, 5 Conn. 464, this error was corrected, and *Wilter* v. *Mott* virtually overruled. But *Card* v. *Grinman* only holds, as we have before seen, that evidence of certain

acts of the testator and of fraudulent acts of the devisees should have been admitted for the purpose of showing a revocation.

They also cite in support of their position *Harvard* v. *Davis*, 2 Binn. 406; and *Jones* v. *Hartley*, 2 Whart. 103. But they admit that it was asserted by YATES, J., in *Harvard* v. *Davis*, and repeated by SERGEANT, J., in delivering the opinion of the court, in *Jones* v. *Hartley*, that the republication of a will must be attended by the solemnities necessary for its original publication, and in the latter case, this was held to involve that both must be proved by two witnesses.

The only remaining case cited by the learned editors is *Jackson* v. *Potter*, 9 Johns. 312, in which they say the supreme court of New York went still further, and held that the act then in force in that State, which provided that no will should be revoked or altered, unless in writing, rendered a writing necessary for a republication, although obviously neither a revocation nor an alteration. These citations are so far from sustaining the position assumed, that they seem to us to support the opposite conclusion. It is quite clear that it is not settled that a will, as the due execution and original publication of which subscribing witnesses are necessary, can after revocation, be republished by parol. The doctrine deducible from the authorities seems to be, that in the absence of statutory provisions upon the subject, the same formalities are necessary to the republication of a will as are required for its original publication. And this rule commends itself to us as one eminently beneficial and just. In *Wilter* v. *Mott*, 2 Conn. 67, it is said that when a will has been revoked in due form, by a written declaration, it cannot be set up or republished by parol. See Redfield on Wills, 374, and cases cited; *Jackson* v. *Rogers*, 9 Johns. 311. In our opinion the court erred in admitting the evidence complained of and in refusing to give the instruction asked.

Reversed.