ANNA NEWELL *vs.* CHARLES HOMER & others.

Suffolk. March 11. — May 5, 1876. GRAY, C. J., did not sit. DEVENS, J., absent.

The burden of proof is on a party, seeking to establish a lost will by parol evidence of its contents, to prove the contents by evidence strong, positive and free from doubt.

If a will, once known to exist, is not found at the death of the testator, it is presumed to have been revoked.

On an appeal from a decree of the judge of probate refusing to approve and allow an instrument alleged to be a copy of a will, the original being alleged to be lost, suppressed or destroyed since the death of the testator, issues were framed for the

jury, covering these questions. *Held*, that an issue proposed by the appellant, and which the judge who tried the case refused to submit to the jury, as to specific parts of the alleged will, was immaterial.

If this court has power, on a probate appeal, to revise the discretion of the judge presiding at the trial of issues of fact before a jury, in refusing to grant a delay in the trial on account of the absence of a witness, no affidavit of the testimony expected nor any statement of the grounds of such expectation having been made, it will only do so where the circumstances connected with the absence of the witness, and his alleged relation to the case, are so peculiar as to require that the ordinary rule should be dispensed with.

To establish by copy a will alleged to have been destroyed or suppressed by parties having an adverse interest thereto, evidence of a conspiracy by such parties to suppress the will is immaterial, unless accompanied with evidence sufficient to justify a jury in finding the execution and contents of the will, and its loss since the testator's death.

A party cannot, under the St. of 1869, c. 425, contradict his own witness, by showing that he has made at other times statements inconsistent with his testimony, without first calling his attention to the circumstances and occasion of the supposed statements.

APPEAL from a decree of the Judge of Probate, refusing to approve and allow certain instruments alleged to be copies of the last will, and of three codicils thereto, of William H. Bordman, the original will and codicils being alleged to have been lost, suppressed or destroyed since the death of the testator.

In this court, the following issues of fact were framed for the jury:

"1. Whereas the said appellant affirms and said respondents deny that the said Bordman deceased leaving a will duly executed, of which the paper annexed to or embodied in the appellant's petition is a true copy:

"2. And whereas the said appellant affirms and said respondents deny that said will was concealed, suppressed or destroyed by the respondents, or by some of the heirs at law of said deceased, or by Frederic O. Prince, or some one else acting in their behalf:

"3. And whereas said appellant affirms and said respondents deny that said Bordman deceased leaving a codicil duly executed by him, of which the paper marked B, annexed to said petition, is a true copy:

"4. And whereas the said appellant affirms and said respondents deny that said codicil was concealed, suppressed or destroyed by the respondents, or by some of the heirs at law of

said Bordman, deceased, or by Frederic O. Prince, or by some one else acting in their behalf:

" 5. And whereas said appellant affirms and said respondents deny that said Bordman deceased leaving a codicil duly executed by him, of which the paper marked C, annexed to or embodied in the appellant's petition, is a true copy:

" 6. And whereas the said appellant affirms and said respondents deny that the said codicil was concealed, suppressed or destroyed by the respondents, or by some of the heirs at law of said deceased, or by Frederic O. Prince, or by some one else acting in their behalf:

" 7. And whereas the said appellant affirms and said respondents deny that the said Bordman deceased leaving a codicil duly executed by him, of which the paper marked D, annexed to or embodied in the appellant's petition, is a true copy:

" 8. And whereas the said appellant affirms and said respondents deny that the said codicil was concealed, suppressed or destroyed by the respondents, or by some of the heirs at law of said Bordman, deceased, or by Frederic O. Prince, or by some one else acting in their behalf:

" And whereas the said respondents affirm and the said appellant denies that if the said Bordman did decease leaving any such codicil as is alleged in the appellant's petition, he, at the time of executing the same, was not of sound mind:

" Now, therefore, it is ordered that a jury be empanelled to try said issues."

The appellant requested that further issues be framed, so much of which as were not substantially the same as those submitted to the jury were as follows:

" Did the will of William H. Bordman, executed in the presence of Stedman, Mills and Thayer, contain a bequest to Anna Tilton, now Anna Newell, this petitioner, of an annuity of eighteen hundred dollars a year during her lifetime, the same to be paid to her by his executors?

" Did William H. Bordman, by a codicil made to his last will and testament, executed in the presence of Cushing, Brooks and Prince, on or about the thirteenth day of March, 1872, give and devise to Anna Newell, this petitioner, the house on Mount Vernon Street in the city of Boston, then owned by said Bordman,

to have and to hold the same to her sole and separate use, free from the control of her husband, and to her heirs and assigns forever?

"Did William H. Bordman, by a codicil made to his last will and testament, executed in the presence of Cushing, Brooks and Prince, on or about the thirteenth day of March, 1872, give and devise the sum of five hundred thousand dollars, to be applied to the establishment and support of an institution in the form of a home for the benefit of the working women of Boston, and charge Anna Newell, this petitioner, with the trust and duty of carrying out the same in her sole judgment and discretion, recommending her to seek the advice of Henry C. Brooks in respect to the same?

"Did said Bordman, by a codicil to his last will and testament, executed in the presence of Cushing, Brooks and Prince, on or about the thirteenth day of March, 1872, give and bequeath the remainder of his estate, both real and personal, to Anna Newell, this petitioner, and to her heirs and assigns forever, free from the control of her husband?

"Specify each and every one of the legacies, bequests, gifts, grants and devises which you find to have been made and contained in the last will and testament made and left by said Bordman, and in the codicils thereto."

*Devens*, J., refused to submit these questions to the jury, and the appellant excepted. The case was then tried, and at the close of the appellant's evidence the judge directed the jury to return a verdict for the appellees. The issues submitted were answered in the negative; and the appellant alleged exceptions, the substance of which appear in the opinion.

*J. F. Pickering*, for the appellant.

*E. D. Sohier & C. A. Welch*, for the appellees.

COLT, J. This is an appeal from the refusal of the Probate Court to allow the probate of a lost will and three codicils to it, copies of which are annexed to the original petition, and which are alleged to have been lost, suppressed or destroyed, since the death of the testator.

The burden is on the appellant to prove the execution of these testamentary papers, and to establish their contents by evidence strong, positive and free from doubt. *Davis* v. *Sigourney*, 8 Met.

487. *Durfee* v. *Durfee*, 8 Met. 490, note. It must appear also, upon the allegations made in this petition, that the instruments were in existence uncancelled and unrevoked, at the time of the death of the testator, in order to control the presumption of revocation, which always arises when a will once known to exist is not found at the death. *Davis* v. *Sigourney, ubi supra.* 3 Redfield on Wills, 15. *Brown* v. *Brown,* 8 El. & Bl. 876, 886. *Idley* v. *Bowen,* 11 Wend. 227. *Eckersley* v. *Platt,* L. R. 1 P. & D. 281. *Finch* v. *Finch,* L. R. 1 P. & D. 371.

In the present case, issues to the jury were framed in advance of the trial, under that provision of the statute which declares that this court, as the Supreme Court of Probate, may submit to a jury any question of fact proper for such trial, upon an issue framed under the direction of the court. Gen. Sts. *c.* 117, § 18. When the trial came on, the appellant requested a modification of and certain additions to the issues framed, and excepted to the refusal of the presiding judge to grant her request.

In the matter of framing issues, proceedings in probate appeals are conducted in accordance with the rules and practice in equity. The findings of the jury are availed of to inform the court in matters of controverted facts, which may become material in settling the final decree. They may be disregarded in whole or in part, if on the final hearing they are not deemed important, or new issues may be framed from time to time and submitted if the rights of the parties may seem to require it. *Shailer* v. *Bumstead,* 99 Mass. 112, 131. An appeal lies from an interlocutory order refusing to submit issues requested, and if it is apparent that the matter ought to be first determined by the full court, a stay of proceedings may be had for that purpose. Gen. Sts. *c.* 113, §§ 10, 12. *Stockbridge Iron Co.* v. *Hudson Iron Co.* 102 Mass. 45. *Wright* v. *Wright,* 13 Allen, 207. If the exception here taken could be treated as in the nature of an appeal, to be disposed of before settling the final decree, we cannot see in the case presented that any injustice has been done, by submitting it upon the original issues. Those issues distinctly embrace the several propositions above stated, which the appellant must establish, and upon which the findings of the jury against her are decisive. The amendments and additions requested contain other allegations and denials, but they cannot be material

so long as the original issues are not maintained. Additional issues, affirming and denying what are alleged to be partial contents of the instruments in question, were properly refused, because the contents of the whole instrument must be proved, before it can stand as a valid testamentary disposition. *Johnson's Will*, 40 Conn. 587. *Huble* v. *Clark*, 1 Hagg. Eccl. 115. *Knapp* v. *Knapp*, 6 Seld. 276.

The appellant excepts to the refusal of the judge to delay the trial or continue the case on account of the absence of witnesses whose testimony was said to be material. She did not attempt to bring her application within the rule which requires an affidavit of the testimony expected from these witnesses, with a statement of the grounds of such expectation, but she claims that the circumstances connected with their absence, and their alleged relation to the case, were so peculiar as to require that the ordinary rule should be dispensed with. But there is nothing in the testimony, or in the facts developed at the trial, which makes this case exceptional, or requires us, if it was in our power so to do, as a matter of law, to revise the discretion exercised by the judge in refusing further delay. The respondents ought not to be subjected to further delay upon a mere suspicion or conjecture that absent witnesses will testify to some important and material fact.

In the course of the trial, numerous exceptions were taken to the exclusion of evidence offered by the appellant. This evidence consisted partly of written documents, and largely of hearsay declarations of her own witnesses and others. Written examinations taken in the Probate Court upon her complaint were offered, not for the purpose of contradicting the witnesses, but for the purpose of proving, as alleged in the opening to the jury, that there was a conspiracy on the part of some of her witnesses, entered into with the respondents and others, including her former counsel, to prevent her from proving the will and codicils, and that the examinations offered were false proceedings got up in the interest of the respondents and containing in themselves evidence of these facts.

The examinations referred to are annexed to the bill of exceptions, and upon inspection do not appear to have any tendency to prove the alleged conspiracy; and if they had, the evidence

would be wholly useless, unless accompanied with evidence sufficient to justify the jury in finding the execution, contents and loss of the will and codicils, since the testator's death. These cannot be established as testamentary, by proving a conspiracy to suppress papers the contents of which cannot be shown.

To control the testimony of her own witness, the appellant offered a petition to the Probate Court signed by him, showing, as she contended, that the witness believed that a will had been left by the testator other than the one first presented for probate ; but the statements in the petition, fairly construed, do not contradict his testimony; and if they did, they could only be admissible under the St. of 1869, *c.* 425, to contradict the witness, after a foundation is laid by calling his attention to the circumstances and occasion of the supposed statements. They can under no circumstances be used as substantive evidence to support her case.

It would be unprofitable to examine in detail all the remaining exceptions taken to the exclusion of evidence ; many of them are but repetitions of the same objection raised by varying the form of the interrogatory. Most of the evidence offered was mere hearsay, for the purpose of proving the alleged conspiracy, and open to all the objections above stated to the admission of the written document ; some of it was called for on cross-examination by leading questions to the appellant's own witnesses, much was wholly immaterial and remote with no tendency to support the real issues of the case ; some called for the contents of written papers not produced or accounted for; or attempted to prove the handwriting of such papers by witnesses not qualified as experts and not acquainted with the particular handwriting in question. It is sufficient to say that we cannot see that any evidence was excluded, which was legally competent to maintain the case of the appellant upon the issues presented, and which should have been allowed to go to the jury.

Upon the whole case, we cannot doubt that the jury were rightly directed to return their verdict for the respondents upon all the issues. The only evidence of the execution of any testamentary document, except the original will of 1841 under which the respondents claim, is the testimony of one witness, who says that in 1857 or 1858 he with others witnessed an instrument

which the testator either said was his will, or that it was a codicil to his will. No testimony was produced of the contents of this instrument, nor was any attempt made to otherwise identify it. The persons whose names appeared as witnesses upon the papers propounded as codicils were called by the appellant, and each testified that he never witnessed any testamentary paper whatever for the alleged testator. There was no testimony whatever that such papers were in existence uncancelled and unrevoked at the time of the testator's death, and of course there was no evidence of their subsequent suppression by any one. Under these circumstances, to permit the copies here presented to be established as the lawful testamentary dispositions of the alleged testator, would be largely to destroy the security which is afforded to the exercise of the right to control the succession to one's property by will.                        *Exceptions overruled.*