Mary Augusta McCarn, Appellee, v. Martha J. Rundall, and William Foos, Appellants.

**Wills:** MENTAL CAPACITY TO REVOKE: *Scope of general finding that will was invalid.* A general finding that a will, objected to on the grounds of mental incapacity, undue influence, and fraud and duress, was not a valid will, does not show that there was lack of mental capacity, so as to invalidate revocation of a prior will, destroyed on the same day that the second was executed.

REVOCATION: *Evidence of intent.* Intention to revoke a will is shown by testimony of witness that testatrix called for it, and wanted it destroyed and done away with, and that he tore it up by her direction.

PROVING COPY: *Evidence.* A paper offered as a copy of a destroyed will is not satisfactorily proved by witness saying, when it was read over to him on the trial, "That is right, as near as I can recollect."

SUBSCRIBING WITNESSES: *Number required.* Code, section 3274, requiring two witnesses to subscribe a will, is not satisfied by one witness subscribing it and others being present.

*Appeal from Jones District Court.*—Hon. H. M. Remley, Judge.

WEDNESDAY, MAY 16, 1900.

This is an action in equity to probate a destroyed will. There was a trial to the court, and the will was admitted to probate. The defendants appeal.—*Reversed.*

*Jamison & Smyth* for appellants.

*D. McCarn* for appellee.

SHERWIN, J.—Ella Foos departed this life September 14, 1897. On or about the seventeenth day of June, 1897, she executed an instrument in writing purporting to be her will. On the thirty-first day of July, 1897, this instrument

was destroyed by her direction, and the fragments thereof burned in her presence. On the same day, and as a part of the same transaction, a new will was executed by her. This last will was offered for probate after her death, and objections were made thereto on the grounds of mental inca-pacity, undue influence, and fraud and duress. Upon the issue thus made there was a trial to a jury, which resulted in the general finding that the instrument offered was not the valid will of Ella Foos, and its probate was denied. After the termination of that trial, this action was brought in equity, setting up the facts as above stated, and a purported copy of the instrument of June 17, 1897, and praying that the same be admitted to probate as the last will and testament of Ella Foos. The defendants are the heirs of Ella Foos, and objected to the probate of the instrument of June 17th for the reasons following: *First,* because the will under which plaintiff claims was revoked, as provided by law; and, *second,* because the setting aside of the second will did not operate to revive the destroyed will. The plaintiff herein was named as a legatee in both wills. Section 3276 of the Code provides that "wills can only be revoked, in whole or in part, by being canceled or destroyed by the act or direction of the testator, with the intention of so revoking them." The plaintiff admits the destruction of the instrument executed June 17, 1897, but contends that said destruction did not work a revocation thereof, because it does not appear that such was the intention of the testator, and for the further reason that, the jury having found the second will invalid, the testator did not have the mental capacity to revoke the former will. The fallacy of this position is apparent for two reasons: *First,* because the jury did not indicate in its verdict that it was based upon the lack of mental capacity in the testator, and there is no evidence before us tending even in the remotest degree to sustain such conclusion; and *second,* because the only witness who testified upon

the trial of this cause was called by the plaintiff, and upon his cross-examination testified that in his opinion Ella Foos was of sound mind when she directed him to destroy the first will, "and intelligently and deliberately directed him to destroy and do away with it." The witness says: "She called for the June will, and wanted it destroyed and done away with; and I tore it up by her directions, and the pieces were put in the stove and burned." This evidence clearly and unmistakably proves the intention of the testator to revoke the first will entirely, and that she had the mental capacity so to do. There is nothing in the record to indicate that its revocation was dependent upon the validity of the subsequent will, and, the revocation being complete under the statute, the will cannot be revived by parol. *Carey v. Baughn,* 36 Iowa, 540; 29 Am. & Eng. Enc. Law, 333; *Stewart v. Mulholland,* 88 Ky. 38 (10 S. W. Rep. 125, 21 Am. St. Rep. 320). There is, if possible, a still stronger reason why the will of June 17, 1897, should not have been admitted to probate. The statute requires that two witnesses must subscribe the will to make it valid. Code, section 3274; *In re Boyeus' Will,* 23 Iowa, 354. The evidence before us only shows that one witness signed the will. It is true the testimony shows that other witnesses were present, but this is not sufficient. It must be proven that the will was executed with the formality required by the statute. The testamentary right to dispose of property is regulated by the statute, which requires the will to be witnessed in a certain way, and we are not at liberty to presume that it was signed by others who were present when it was executed. And, as said *In re Walker's Estate,* 110 Cal. 387 (42 Pac. Rep. 815, 52 Am. St. Rep. 104): "It is not for the courts to say that these requirements, or any of them, are mere formalities, which may be waived without impairing the status of the instrument. It is not for courts to say that a mode of execution

or authentication other than that prescribed by law subserves the same purpose, and is equally efficient to validate the instrument." Nor is the evidence satisfactory that the paper offered as a copy of the destroyed will is such. The only witness heard on that subject did not claim that he had ever read the will of June, 1897. He did not read the purported copy. When it was read over to him on the trial he said, "That is right, as near as I can recollect." The proof of the contents of a destroyed will ought to be of the clearest and most satisfactory character. 2 Greenleaf Evidence (15th ed.) p. 668; *Newell v. Homer*, 120 Mass. 277; *Dudley v. Wardner's Ex'rs*, 41 Vt. 59; *In re Johnson's Will*, 40 Conn. 587. This burden rested upon the plaintiff. *Newell v. Homer, supra.* She has failed to sustain it. See *Clark v. Turner*, 50 Neb. 290 (69 N. W. Rep. 843). Plaintiff's authorities on the question of revocation under undue influence are not in point, because there is no evidence upon which to base them. Even if it were proven that the subsequent will was the product of undue influence, it would not follow as a natural sequence that such influence inhered also in the revocation of the former will. The will of June 17, 1897, should not have been probated, and the judgment of the district court is REVERSED.