T. L. THOMAS ET AL.. Appellants, v. WM. THOMAS ET AL., Appellees.

**Establishment of lost will:** PRESUMPTION: BURDEN OF PROOF: EVIDENCE. The fact that a will, conceded to have been made, cannot be found after the death of the testator raises the presumption that it was destroyed with intent to revoke the same; and the burden of overcoming this presumption is upon the one seeking to establish the will. Evidence held insufficient to overcome the presumption.

*Appeal from Harrison District Court.*— HON. N. W. MACY. Judge.

THURSDAY, DECEMBER 14, 1905.

Action in equity to establish a lost will, and for probate thereof. There was a decree dismissing the petition, and plaintiffs appeal.— *Affirmed.*

*Bolter Bros.* and *Roadifer & Arthur,* for appellants.

*John P. Organ,* for appellees.

Bishop, J.— The fact that in the year 1901 Thomas Thomas, then living in Harrison county, this State, executed a will, is not seriously in dispute. And there is evidence of the contents of such will. Shortly thereafter said Thomas removed to the State of Missouri, where his wife, Elizabeth, and the principal devisee under the will, died in March, 1902. In March, 1903, Thomas returned to Harrison county, and while there died. When executed, the will was given into the custody of Elizabeth Thomas. After the death of Thomas Thomas thorough search was made for the will, and it could not be found.

It appearing that a will, conceded to have been executed, cannot be found after the death of the testator, the presumption arises that the same was destroyed by him *animo revocandi.* And the burden is upon the party seeking to establish the will to overcome such presumption by evidence strong, positive, and free from doubt. *McCarn v. Rundall,* 111 Iowa, 406; *Collyer v. Collyer,* 110 N. Y. 481 (18 N. E. Rep. 110, 6 Am. St. Rep. 405); *Stetson v. Stetson,* 200 Ill. 601 (66 N. E. Rep. 262, 61 L. R. A. 258); *Newell v. Homer,* 120 Mass. 277; Thornton on Lost Wills, Sec. 56.

Having the rule, as thus expressed, in mind, we have read the evidence as presented by the instant record, and we cannot say that plaintiffs have sustained the burden assumed by them. No good purpose could be served by entering upon a discussion of the evidence in detail. It is sufficient to say that, apart from the fact that the will could not be found, there was the changed condition brought about by the death

of the wife of the testator, to whom, as already stated, the principal portion of the estate was devised; there was the fact, made quite clear, that the feelings of the testator toward some of those who were named as legatees in the will had undergone a change; and there was proven statements or declarations, made by the testator, indicative of a purpose, with reference to his estate, inconsistent with the terms of the will.

As against these, plaintiffs went no farther than to offer proof of some statements made by the testator a short time before his death that he had kept his old will, and that it was down in Missouri, and of the fact that, while on his death-bed at the home of one of the plaintiffs, an effort was made to draft a new will. No significance favorable to plaintiffs is to be attached to the latter fact, because it appears that the scrivener called in for the purpose found Thomas too near death to be able to speak or comprehend anything said to him on the subject. The statements or declarations attributed to Thomas as of a time previous to the day of his death, in view of the circumstances under which made, and of the persons to whom made and now making report thereof, cannot be accepted as sufficient to overcome the opposing presumption, strengthened, as it is, by the facts and circumstances made to appear. Such was the conclusion reached by the court below, having the witnesses present in person, and therein we concur.

From what we have said, it follows that the decree must be, and it is, *affirmed.*