Catherine O. **POAGE**, Executrix of the Estate of Robert A. Poage, Deceased, Plaintiff,

v.

V. Lee **PHILLIPS**, Individually, and as District Director of Internal Revenue, Defendant.

Civ. No. 4–1092.

United States District Court
S. D. Iowa,
Central Division.

Dec. 15, 1961.

L. L. Brierly and L. M. Girdner (of Brierly, McCall & Girdner), Newton, Iowa, for plaintiff.

Roy W. Meadows, U. S. Atty., Des Moines, Iowa, and Richard W. Perkins, Dept. of Justice, Washington, D. C., for defendant.

STEPHENSON, Chief Judge.

The facts in this case are not materially in dispute. Plaintiff is the executrix of the Estate of Robert A. Poage who died September 2, 1955. The defendant is the District Director of the Internal Revenue Service. The last will and testament of Robert A. Poage was probated in Story County, Iowa. The estate tax return filed by the plaintiff reported a gross estate of $114,899.41. Funeral and administrative expenses amounted to $4,158.47. A claimed marital deduction of $57,449.70 plus the specific exemption of $60,000 resulted in no taxable estate in the estate tax return filed with the defendant.

The defendant determined that a marital deduction was allowable only in the amount of $1,015.91, being the amount of a joint checking account in the names of the decedent and the plaintiff as joint tenants with right of survivorship. As a result the defendant contended there was a taxable estate of $45,565.03. The defendant advised the plaintiff that he determined a net deficiency of Federal Estate Tax in the amount of $5,979.79.

This amount together with interest of $1,284.78 was paid by the plaintiff on June 23, 1960.

On July 14, 1960, plaintiff filed a claim for refund for $7,264.57 with the defendant. Said claim was denied and plaintiff instituted this action to recover said amount together with interest at the rate of 6 per cent per annum from June 23, 1960.

The parties agree that the only instrument ever admitted to probate as the last will and testament of Robert A. Poage provided in part as follows:

We, Robert A. Poage and Catherine O. Poage, husband and wife, of Ames, Story County, Iowa, each being of sound and disposing mind and memory and of mature age and mindful of the uncertainties of human life, do hereby make, publish, and declare this to be our mutual LAST WILL AND TESTAMENT, consisting of two parts, hereby revoking any wills at any time heretofore made by us jointly or by either of us.

### SECTION I
#### PART ONE

We hereby direct that our just debts, funeral expenses, and the expenses of our last illness be first paid from the principal of our Estate.

### SECTION II
#### PART ONE

We do hereby devise and bequeath to the survivor of us, and each singly does so devise and bequeath to the survivor, all of our property both real and personal of whatsoever kind or character and wheresoever situated that we may have at our decease.

### SECTION III
#### PART ONE

We do hereby direct that the second part of this our Last Will and Testament shall be kept in the private lock box of the survivor of us and shall not be read until the death of the survivor. We do agree with each other that the survivor shall have the power to revise or alter the provisions of the second part of this our mutual Will should conditions be such that a revision or alteration becomes advisable. Such revision or alteration shall be in the form of a codicil to the second part of this our joint and mutual Last Will and Testament, and such codicil shall be considered as a part and parcel of this our mutual Last Will and Testament.

It was the reference to the "second part" of the last will and testament which prompted the defendant to contend that the requirements of the marital deduction had not been satisfied.[1] The "second part" of the will referred to in the last will and testament which was probated was not admitted to probate and has never been found. The defendant offered in evidence a document purporting to be a copy of the "second part" of the last will and testament of Robert A. Poage and Catherine O. Poage dated November 13, 1950. This document was obtained by an Internal Revenue Agent from Mr. E. J. Kelley, the attorney of the estate of Robert A. Poage. Mr. Kelley testified he had drafted the original document (the copy of which he had supplied the Internal Revenue Service with) in his office prior to its being signed by Mr. and Mrs. Poage on November 13, 1950. He further testified he never saw the original again and he has no knowledge

---

1. Title 26, Section 2056 U.S.C.A. provides in part:
"Bequests, etc., to surviving spouse
"(a) Allowance of marital deduction.— For purposes of the tax imposed by section 2001, the value of the taxable estate shall, except as limited by subsections (b), (c), and (d), be determined by deducting from the value of the gross estate an amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse, but only to the extent that such interest is included in determining the value of the gross estate."

as to whether the original document was in existence at the time of the death of Robert A. Poage.

Mrs. Poage did not testify, but offered to if the government desired to call her. Counsel for the government declined to call her as a witness.

The plaintiff contends she is entitled to the relief sought on several grounds and that the requirements of Section 2056 have been met. The first is that since no "second part" was shown to be in existence at the testator's death, a presumption arises that it has been destroyed with the intent to revoke it and thus Mrs. Poage received all of Mr. Poage's property under his will in fee simple. Plaintiff contends in the alternative that even if the original to the "second part" was in existence, it would not constitute a part of the decedent's last will and testament since it did not take effect at the testator's death. Plaintiff also contends that in Section II of the last will and testament admitted to probate Mr. Poage devised and bequeathed all of his property to Mrs. Poage and that any subsequent provision which is inconsistent therewith is ineffectual and invalid being repugnant to the alleged intention to give her a fee to all of his property.

Plaintiff lastly contends that even if the original of the second part of the will were in existence and of legal effect, Mrs. Poage had the power to appoint the entire interest she received alone and in all events and thus qualified for the marital deduction under Title 26, Section 2056(b) (5).

█ Since the will was probated in Iowa, the law of Iowa determines the legal rights and interests to the property in question. Awtry's Estate v. Commissioner of Internal Revenue, 8 Cir., 1955, 221 F.2d 749.

In support of her first ground, plaintiff contends that under Iowa law, as beneficiary under her husband's will, she received all of his property in fee simple. Plaintiff's reasoning is based upon the fact that only the "first part" of the mutual will was probated. No one apparently knows if the original to the "second part" was in existence at the date of Mr. Poage's death. Only a copy of it was introduced in evidence.

█ Under Iowa law when a will cannot be found, there is a presumption it has been destroyed with intent to revoke it. However, this presumption may be overcome by clear, satisfactory and convincing evidence to the contrary. Iowa Wesleyan College v. Jackson, 1957, 249 Iowa 91, 86 N.W.2d 126; Page v. Parks, 1942, 232 Iowa 879, 6 N.W.2d 298; Thomas v. Thomas, 1905, 129 Iowa 159, 105 N.W. 403; Goodale v. Murray, 1940, 227 Iowa 843, 289 N.W. 450, 126 A.L.R. 1121.

█ In the instant case the only evidence submitted concerning part II is the testimony of Attorney E. J. Kelley that he prepared part II at the request of the testator in 1950; that he did not see part II after it was signed and witnessed; that he had no knowledge one way or the other as to whether part II was in existence at the time of testator's death. Testator died in 1955 and part I (heretofore set out above) was probated in 1955. Under all the circumstances, and in view of the Iowa law hereinbefore set out, the court finds: That part I of said will as probated is the entire last will and testament of the testator; that the surviving widow is the sole beneficiary to the testator's estate; that the interests which passed to the surviving widow qualify for the marital deduction.

In view of the court's finding, it will be unnecessary to pass upon the plaintiff's alternative contentions.

The foregoing shall constitute the court's findings of fact and conclusions of law pursuant to Fed.Rules Civ.Proc. Rule 52(a), Title 28, U.S.C.

### ORDER

IT IS ORDERED that judgment is hereby entered against the defendant and in favor of the plaintiff in the sum of $7,264.57 together with interest thereon at the rate of 6 per cent per annum from and after June 23, 1960.