NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-401

GARY D. LINGLEY[1]

vs.

RAYMOND K. HOYLAND.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

This action arises from a dispute between the plaintiff, the buyer of an office building, and the defendant, the seller. As a different panel of this court explained in Lingley v. Hoyland, 99 Mass. App. Ct. 1022 (2020) (Lingley I), in 2018, a Superior Court jury returned a verdict against the defendant for misrepresenting material facts to the plaintiff and willfully or knowingly committing deceptive acts or practices concerning the sale of the office building. A judgment subsequently entered in

---

[1] Individually and as trustee of the G.L. Realty Trust.

[2] Technical Arts and Sciences Corporation (TASC), an entity controlled by Hoyland, was also a defendant. After Hoyland filed a notice of appeal identifying "Raymond K. Hoyland et al" as the appealing parties, the plaintiff filed motions to strike and dismiss the appeal filed on behalf of TASC, which we allow, striking so much of the notice of appeal as relates to TASC. As a pro se litigant, the defendant cannot represent another. Burnham v. Justices of the Superior Court, 439 Mass. 1018, 1018 (2003).

favor of the plaintiff, individually and as trustee of the G.L. Realty Trust, against the defendant and his entity, TASC, on claims of intentional or reckless misrepresentation and violating G. L. c. 93A.

The panel affirmed the judgment in Lingley I, and the Supreme Judicial Court denied further appellate review. See 487 Mass. 1108 (2021). Thereafter, the defendant, pro se, filed an unsuccessful motion for relief from the judgment under Mass. R. Civ. P. 60 (b), 365 Mass. 828 (1974), seeking dismissal of the plaintiff's claims or a new trial "based on newly-discovered evidence of fraud on the court and clear and convincing evidence of criminal misconduct and a pervasive pattern of prevarication by Plaintiff's . . . attorney." Another Superior Court judge (motion judge) denied the motion without a hearing, concluding that it "set[] forth a long list of alleged wrongs, many of which are accusatory assumptions based more on the Defendants' point of view than upon evidence." The defendant appealed. We affirm.

Discussion. "The resolution of motions for relief from judgment 'rests in the discretion of the trial judge.'" Atlanticare Med. Ctr. v. Division of Med. Assistance, 485 Mass. 233, 247 (2020), quoting Wojcicki v. Caragher, 447 Mass. 200, 209 (2006). "Accordingly, the 'denial of a motion under Rule 60 (b) will be set aside only on a clear showing of an abuse of

2

discretion.'"  Id., quoting Murphy v. Administrator of the Div. of Personnel Admin., 377 Mass. 217, 227 (1979).  "[A] judge's discretionary decision constitutes an abuse of discretion where we conclude the judge made a clear error of judgment in weighing the factors relevant to the decision, such that the decision falls outside the range of reasonable alternatives" (quotation and citation omitted).  L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).

Under rule 60 (b) (2), "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial" may provide grounds for relief from a judgment. "Relief may be granted under rule 60 (b) (3) if there has been fraud, misrepresentation, or other misconduct of an adverse party."  Owens v. Mukendi, 448 Mass. 66, 73 (2006).

The motion judge acted well within his discretion in concluding that the defendant's motion and supporting affidavit lacked clear and convincing evidence of fraud on the court.  To meet the "clear and convincing" test, the "evidence must be sufficient to convey a 'high degree of probability' that the contested proposition is true."  Doe, Sex Offender Registry Bd. No. 380316 v. Sex Offender Registry Bd., 473 Mass. 297, 309 (2015), quoting Callahan v. Westinghouse Broadcasting Co., 372 Mass. 582, 588 n.3 (1977).

> "A 'fraud on the court' occurs where 'it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier or unfairly hampering the presentation of the opposing party's claim or defense.'"

Wojcicki, 447 Mass. at 209-210, quoting Paternity of Cheryl, 434 Mass. 23, 35 (2001).  "The doctrine is limited to 'that species of fraud which does, or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery can not perform in the usual manner."  Id. at 210, quoting Pina v. McGill Dev. Corp., 388 Mass. 159, 165 (1983).  "Courts have found fraud upon the court only where there has been the most egregious conduct involving a corruption of the judicial process itself.  Examples are bribery of judges, employment of counsel to 'influence' the court, bribery of the jury, and the involvement of an attorney (an officer of the court) in the perpetration of fraud" (citation omitted).  MacDonald v. MacDonald, 407 Mass. 196, 202 (1990).

Here, the defendant failed to demonstrate an "unconscionable scheme" by either the plaintiff or his former attorney.  In his rule 60 (b) motion, the defendant claimed, without evidentiary support, that the plaintiff's attorney received stolen property, tampered with evidence, withheld evidence from discovery, and concealed evidence from the court and opposing counsel.  As the motion judge correctly concluded,

4

most of the arguments raised in the defendant's motion, particularly those relating to stolen and forged documents, were previously disposed of in Lingley I, slip op. at 19 n.13, and the remaining arguments concerned matters of pretrial discovery that were not "newly discovered."  Even were we to accept that the motion set forth newly discovered evidence that the plaintiff's attorney made false representations to the trial court, which we do not, "even [p]erjury does not constitute 'fraud upon the court' when there is no evidence that the judicial process itself was corrupted" (quotation and citation omitted).  Wojcicki, 447 Mass. at 210.  See Guardianship of Ingrid, 102 Mass. App. Ct. 1, 10 (2022).  There is no evidence of such corruption here, especially given that the motion judge was not bound to accept the defendant's affidavit, which consisted of self-serving and conclusory statements that conflicted with the jury verdict, the trial judge's findings, and the evidence presented by the plaintiff in his opposition to the motion.  See Clamp-All Corp., 53 Mass. App. Ct. at 808 n.5 (support for rule 60 [b] motion must consist of facts and not conclusory statements).  In light of the foregoing, we see no abuse of discretion in the motion judge's determination that the defendant did not meet his challenging burden under rule 60 (b) (3).  See Guardianship of Ingrid, supra, quoting Owens, 448

5

Mass. at 76 ("This high bar is an expression of 'the system's important interest in finality'").

Order denying motion for
  relief from judgment
  affirmed.

By the Court (Neyman, Grant &
  Hershfang, JJ.[3]),

*Joseph F. Stanton*

Clerk

Entered:  July 14, 2023.

---

[3] The panelists are listed in order of seniority.