NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-346

COMMONWEALTH

vs.

G.A.S.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The petitioner, G.A.S., appeals from an order denying his petition, pursuant to G. L. c. 276, § 100K, seeking expungement of four criminal charges, which were dismissed.  His petition alleged that the charges were a result of fraud perpetrated on the court by several public officials and court personnel. After a hearing, a judge of the Superior Court (motion judge) denied his petition because he failed to demonstrate such fraud by clear and convincing evidence.  We affirm.

Background.  On December 15, 2004, the petitioner was indicted on three counts of assault and battery and one count of assault and battery on an elderly or disabled person causing

serious bodily injury.  The charges were ultimately dismissed in the interests of justice pursuant to G. L. c. 123, § 16 (f).

On November 12, 2024, the petitioner filed a pro se petition for expungement and an accompanying narrative detailing a vast conspiracy involving misconduct by many individuals connected to his case.  The motion judge held a hearing on the petition and then issued an order denying the petition because the petitioner had not presented any evidence to support his allegations.  The petitioner filed a timely notice of appeal.

Discussion.  1.  Standard of review.  "In reviewing a decision on a motion to expunge, we consider whether the judge abused his or her discretion."  Commonwealth v. K.W., 490 Mass. 619, 624 (2022).  An abuse of discretion occurs where a "judge made 'a clear error of judgment in weighing' the factors relevant to the decision, . . . such that the decision falls outside the range of reasonable alternatives."  Murray v. Super, 87 Mass. App. Ct. 146, 148 (2015), quoting L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).

2.  Expungement.  The petitioner claims that his criminal record should be expunged because it was created as a result of fraud perpetrated on the court.  See G. L. c. 276, § 100K (a) (6).  To demonstrate fraud on the court, the defendant is required to show, by clear and convincing evidence, "an unconscionable plan or scheme which is designed to

2

improperly influence the court in its decision" (citation omitted).  MacDonald v. MacDonald, 407 Mass. 196, 202 (1990).  The "clear and convincing" standard is satisfied when the evidence offered is "sufficient to convey a 'high degree of probability' that the contested proposition is true."  Doe, Sex Offender Registry Bd. No. 380316 v. Sex Offender Registry Bd., 473 Mass. 297, 309 (2015), quoting Callahan v. Westinghouse Broadcasting Co., 372 Mass. 582, 588 n.3 (1977).

In support of his petition, the petitioner included an unsworn narrative setting forth several claims of impropriety involving witnesses, police, court officials, judges, and the petitioner's own attorney.  The motion judge noted that these claims were unsupported by any evidence.  Therefore, the motion judge found that the petitioner had failed to establish the charges were a product of fraud by clear and convincing evidence.  We conclude that the motion judge did not abuse his discretion in denying the petition.

Indeed, even if the motion judge were required to treat the petitioner's unsworn narrative as an affidavit, the judge would not have abused his discretion by declining to credit its unsupported claims.  See Commonwealth v. Heffernan, 350 Mass. 48, 53, cert. denied, 384 U.S. 960 (1966) ("The weight and import of the affidavits submitted in support of the defendant's motion were for the trial judge's discretion"); Commonwealth v.

3

Thurston, 53 Mass. App. Ct. 548, 551 (2002) (motion judge may properly determine the credibility, weight, and impact of affidavits).

Accordingly, we affirm the denial of the petition for expungement.

Order denying petition for expungement affirmed.

By the Court (Sacks, Smyth & Wood, JJ.[1]),

Clerk

Entered:  October 6, 2025.

---

[1] The panelists are listed in order of seniority.