WARREN E. TARBELL, administrator, *vs.* SAMUEL
D. FORBES & another.

Worcester.    October 2, 1900. — December 22, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

*Petition to admit to Probate Copy of Will lost or destroyed — Evidence — Request
that Testimony be received with Distrust — Question for Jury — Issues —
Instructions.*

At the trial of a petition to admit to probate by copy a will, on the ground that the
original had been lost or destroyed since the death of the testatrix by some per-
son other than the petitioner, it is no answer to direct evidence that a clause was
in the original will, to show a fact from which an argument might be addressed
to a jury that a testator might probably have done otherwise than the direct evi-
dence showed.  In this case the evidence excluded was offered to show that the
chief part of the estate of the testatrix had come from her father's estate, the
contention being that this evidence was admissible as bearing on the question
whether the testatrix would be likely to insert a clause in her will that would
result in giving property that she had thus inherited to her step-children, who
were also her nephew and niece, rather than to her brothers.

At the trial of a petition to admit to probate by copy a will on the ground that the
original had been lost or destroyed, no exception lies to the refusal to instruct
the jury that "if you are satisfied that said A. destroyed the will, and has made
statements under oath material to the issue in a hearing relative to the destruction
of said will, directly opposite to and contrary to her testimony in this case, then
you should consider her testimony with great distrust," it appearing that A. was
not a party to the suit but was a witness called by the proponent.  Although she
was interested in the result, her interest affected only the weight to be given to
her testimony; and this was a question for the jury.

If the jury are not to make a finding for either party, but are merely to answer two
specific questions, first, whether S. left a last will fully executed, uncancelled, and
unrevoked at the time of her death, of which the paper annexed was a copy,
and, secondly, whether the will was lost, cancelled, suppressed, or destroyed by
some person other than the petitioner for the admission of the copy to probate
since the decease of S., and it does not appear in the exceptions that any evi-
dence was introduced tending to show that there was a clause in the original will
nominating any one as executor, a request for a ruling that "if you should find
that the testatrix in her said will appointed her husband as the executor of
said will, in a clause thereof, then you should find for the defendant," is rightly
refused ; but if, however, it be assumed that there was some evidence to support
the contention of the respondents, and if the request for instructions be treated as
intended to raise the question of law, whether, if the jury found that the original
will contained a clause appointing the husband as executor, they could answer
the first issue in the affirmative, still it was within the power of the jury under
the circumstances of this case so to do.

PETITION, by Frank F. Corliss, to the Probate Court to admit to probate by copy the will of Sarah E. T. Corliss, on the ground that the original will had been lost or destroyed since the death of the testatrix by some person other than the petitioner. The Probate Court allowed the will in accordance with the copy propounded, and appointed Warren E. Tarbell administrator with the will annexed; and the respondents appealed to this court, where the following issues were framed for a jury:

" First. Did Sarah E. F. Corliss, late of Brookfield, deceased, leave a last will duly executed, uncancelled, and unrevoked at the time of her death, of which the paper annexed hereto is a copy ?

" Second. Was said will lost, cancelled, suppressed, or destroyed by some person other than Frank F. Corliss since the decease of Sarah E. F. Corliss ? "

The case was sent to the Superior Court for the trial of the issues. At the trial in that court, before *Hopkins*, J., the jury answered both questions in the affirmative. The respondents alleged exceptions, which appear in the opinion.

*J. R. Thayer*, for the petitioner.

*B. W. Potter*, for the respondents.

LATHROP, J. It appears from the bill of exceptions that the testatrix was a sister of the respondents, they being children of one Dexter Forbes; and that the testatrix was also a sister of her husband's first wife. There were two children of the first wife, namely, the petitioner Frank F. Corliss and Ada F. White. The testatrix had no children. At the trial it is stated in the bill of exceptions that the respondents did not deny the making of a will by Mrs. Corliss, nor the fact that the will existed after the death of the testatrix.

The instrument propounded for probate, in the first clause, left a legacy of $500 to Frank F. Corliss, described as " my step-son and nephew." The second clause left the same amount to Ada F. Corliss, described as " my step-daughter and niece." The third clause left to her husband the remainder of her property. The fourth and last clause was as follows: " In case I outlive my husband, my property is to be equally divided between my step-son Frank F. Corliss and my step-daughter Ada F. Corliss."

The principal contention of the respondents was that the fourth clause was not in the original will, and that therefore the copy offered for probate was not a true copy.

The first exception relates to the exclusion of evidence to show that the chief part of the estate of the testatrix had come from her father's estate. It is contended on behalf of the respondents that this evidence was admissible as bearing on the question whether the testatrix would be likely to insert a clause in her will that would result in giving property that she had thus inherited to her step-children rather than to her brothers. There was no contention that there was any clause in the will leaving anything to the respondents, and the beneficiaries under the fourth clause were not merely step-children, but were her nephew and niece. We do not know what the evidence in the case was in support of the lost will, but we must assume that it was competent and satisfactory evidence, for there is nothing in the exceptions to show the contrary. In *Davis* v. *Sigourney*, 8 Met. 487, 490, Mr. Justice Wilde, speaking of the admission of oral evidence to establish the contents of a lost will, said : " Courts are bound to consider such evidence with great caution, and they cannot act on probabilities." If courts cannot act on probabilities when the petitioner is putting in his case, it would seem to follow that they cannot act on probabilities so far as the respondents are concerned. It seems to us that it is no answer to direct evidence that a clause was in the original will, to show a fact from which an argument might be addressed to a jury that a testator might probably have done otherwise than the direct evidence showed. However this may be, in the present case to have admitted the evidence would have raised a collateral issue of pure conjecture. The property belonged to the testatrix, from whatever source it might be derived. It was hers to do with as she pleased. She could leave it to her nephew and niece, or to her brothers, or to third persons, or she could die intestate. If the evidence had been admitted, it would have led into an investigation of the life of the testatrix, into how much she received from her father's estate, and whether or not she had spent it. There would also have arisen the question as to the personal relations existing between the testatrix and her brothers, and those between her and her nephew and niece. We

cannot say that the judge erred in excluding the evidence; and this exception must be overruled. See *Marvin* v. *New Bedford*, 158 Mass. 464, 467.

The next exception is to the refusal of the judge to give the following instruction: " If you are satisfied that said Ada F. White destroyed the will, and has made statements under oath material to the issue in a hearing relative to the destruction of said will directly opposite to and contrary to her testimony in this case, then you should consider her testimony with great distrust."

It appeared that Ada F. White testified, at the trial of the issues, that, at the instigation of one of the respondents, she destroyed the original will by burning it shortly after her mother's funeral. She admitted that within a month after her mother's death she was brought before the Probate Court upon the complaint of her brother for concealing or destroying the will; and that, at the hearing on the complaint, she had testified that her brother had taken the will from her by force, and she had not seen it afterwards; and that she had not concealed or destroyed it. She further testified that her testimony there was false in so far as it asserted that she had not concealed or destroyed the will. The judge instructed the jury that they had the right to take into consideration what had been said by witnesses at another time and place in determining whether they were telling the truth or not; that inconsistent statements made elsewhere were properly admissible, not for the purpose of establishing those statements as being correct statements of fact, but for the purpose of affecting the degree of credibility to be given to the witness. Further instructions were given on this point, and the jury were instructed as follows: " It is always competent, as I have said, to show that a witness has elsewhere made different statements from that made on the stand, and when evidence of that fact is put before you, you are to take it into consideration in determining, not whether the statement made elsewhere is true, but in determining whether the statement made here is true. By way of illustration, it may be that a person elsewhere has made certain statements as to a fact, and then comes here and makes an entirely different statement of that fact, and admits that elsewhere he had made contradictory

ones, you might be entirely satisfied that the statement made here is true, and if so, it is to govern you. On the other hand, you might from the appearance of the witness and all the facts and circumstances be satisfied that the statement made elsewhere is true, and that made here is untrue. It is entirely a question for you as to what effect it will have upon you here. You are to take into consideration all the circumstances in determining whether or not this statement is a correct statement."

We are of opinion that the instructions given were correct; and that the judge properly refused to give the instruction requested. It would have been improper to tell the jury that the testimony of the witness was to be considered with great distrust. The weight to be given to the testimony was entirely for the jury; and we find nothing in the cases of *Gould* v. *Norfolk Lead Co.* 9 Cush. 338, 347, and *Commonwealth* v. *Jenkins*, 10 Gray, 485, to support the contention of the respondents. Ada F. White was not a party to the suit, but was a witness called by the proponent; and, although she was interested in the result, her interest affected only the weight to be given to her testimony; and this was a question for the jury.

The next exception is to the refusal of the court to give the following instruction: " If you should find that the testatrix in her said will appointed her husband as the executor of said will, in a clause thereof, then you should find for the defendant."

It is obvious that the judge could not give this instruction in the form requested, for the jury were not to make a finding for either party, but merely to answer two specific questions. Nor does it appear in the exceptions that any evidence was introduced tending to show that there was a clause in the original will nominating any one as executor. The language of the exceptions on this point is as follows: " They [the respondents] also claimed that in the original will there was a clause wherein her husband, James M. Corliss, who died before the testatrix, was named as the executor of the will, and therefore the alleged copy was not a true copy of her will." To make a claim and to produce evidence in support of it are two different things.

If, however, it be assumed that there was some evidence to support the contention of the respondents, and if we treat the

request for instructions as intended to raise the question of law, whether, if the jury found that the original will contained a clause appointing the husband as executor, they could answer the first issue in the affirmative, we still are of opinion that it was within the power of the jury so to do.

Where a will has been lost or destroyed, its contents may be proved by secondary evidence. There may be a copy of the will, or a draft of it, or it may be proved by oral testimony. *Clark* v. *Wright*, 3 Pick. 67. Where a will is proved by oral testimony, it cannot be expected that any witness can testify to the exact words used; but what is required is the substance of its material provisions, their true tenor and effect. *Foster* v. *Foster*, 1 Add. Eccl. 462, 468. *Wyckoff* v. *Wyckoff*, 1 C. E. Green, 401, 406. *Jackson* v. *Jackson*, 4 Mo. 210. *Dickey* v. *Malechi*, 6 Mo. 177, 184. *Allison* v. *Allison*, 7 Dana, 90. *Skeggs* v. *Horton*, 82 Ala. 352. *Jones* v. *Casler*, 139 Ind. 382. *Anderson* v. *Irwin*, 101 Ill. 411, 415. See also *Sugden* v. *St. Leonards*, 1 P. D. 154, 222, 232–235.

In the case last cited, it was also decided that where the contents of a lost will are not completely proved, probate will be granted to the extent to which they are proved. This is probably stating the rule too broadly. See *Woodward* v. *Goulstone*, 11 App. Cas. 469, in which it was held that proof only of a residuary clause was not sufficient proof of the will. In *Steele* v. *Price*, 5 B. Mon. 58, 72, it was said: " And as the principal devises, those in which the testator took deepest interest, and about which he showed most solicitude, are sufficiently proved, the failure of proof as to the minor provisions of the will, should not defeat the whole by preventing the admission to record, of that which is proved."

The case of *Davis* v. *Sigourney*, 8 Met. 487, is sometimes referred to as deciding that the entire contents of a lost will must be proved before probate can be allowed; but the language of Mr. Justice Wilde is hardly susceptible of this construction. What he said was: " It is not such a will as may be proved in part and disproved in part. The testator undertook to make a distribution of his estate, in certain shares, between his wife and children; and, unless the whole can be proved, his intention will not be effectuated, and therefore no part of the will can be estab-

lished." This seems to be a clear recognition of the fact that an independent clause in a will may be proved.

The case of *Durfee* v. *Durfee*, 8 Met. 490, n., is too briefly reported to aid in determining the question whether the entire contents must be proved in order to entitle a lost will to be admitted to probate.

The law may well be, as stated by a recent writer on the law of wills, " that any substantial provision of a lost will, which is complete in itself and independent of the others, may, when proved, be admitted to probate, though other provisions cannot be proved, if the validity and operation of the part which is proved are not affected by those parts which cannot be proved." 1 Underhill on Wills, § 278.

In New York and Indiana there is a statute requiring " the provisions " of a lost will to be proved by two credible witnesses before the will can be admitted to probate; and it has been held that the statute applies only to those provisions which affect the disposition of the testator's property, and which are of the substance of the will, and do not include the nomination of executors. *Early* v. *Early*, 5 Redf. 376. *Jones* v. *Casler*, 139 Ind. 382.

The present case can stand no better for the respondents than if the jury had answered the first question in the affirmative, with the additional words, " except that the original will contained a clause nominating the husband of the testatrix as executor." If these words had been added, it could not in any way have affected the result, inasmuch as the husband died before his wife. The clause would be entirely immaterial; and we cannot doubt the power of a single justice of this court, on the issues and answers being returned from the Superior Court, to affirm the decree of the Probate Court, or to direct the Probate Court to enter a decree in accordance with the findings of the jury. There would be no occasion for a new trial in the Superior Court. The Pub. Sts. c. 156, § 17, provide: " The Supreme Court of Probate may reverse or affirm, in whole or in part, the decree or order appealed from, and may pass such decree thereon as the Probate Court or the judge thereof ought to have passed, may remit the case for further proceedings, or take any other order therein, as law and justice may require." Under this sec-

tion, if the jury had found as supposed, there can be no doubt that this court could in its decree, if it deemed it important, direct the Probate Court to amend the alleged will by inserting an allegation to correspond with the finding of the jury.

In *Sugden* v. *St. Leonards,* 1 P. D. 154, it was found as a fact that a legacy set out in the alleged will was in a codicil, and that the amount was incorrectly stated. Sir John Hannen allowed an amendment to be made to correspond with the fact proved. 1 P. D. 187, 195.

*Exceptions overruled.*