## Arthur C. Smith *vs.* Henry L. Smith.

Dukes County.    January 15, 1923. — March 2, 1923.

Present: Rugg, C.J., De Courcy, Crosby, Pierce, & Carroll, JJ.

*Will*, Lost will. *Evidence*, Presumptions and burden of proof.

Where a will once known to exist cannot be found after the death of the testator, there is a presumption that it was destroyed by the testator with an intent to revoke it.

Upon an appeal from a decree of the Probate Court dismissing a petition for the proof by copy of an alleged lost will of a widow, the judge reported the facts, among which were the following: The controversy was one among members of a family. The testimony was chiefly oral. The will was executed on January 17, 1914. Thereafter the alleged testatrix lived at the home of a son to whom the will gave all but one dollar of her property. Prior to May 18, 1919, she had a receipt signed by him, whereby he agreed in consideration of $500 to give her board and room as long as she lived, and this receipt she gave to a niece, who was a contestant. On July 12, 1920, the petitioner was appointed conservator of her property and took charge of her papers, but he did not find a will. The judge concluded that the original will "was not in existence, uncancelled and unrevoked" at the death of the alleged testatrix, and that it did not appear that it had been "fraudulently destroyed by any other person before or after the death" of the testatrix. *Held*, that the conclusion of the judge could not be said to be plainly wrong, and that the decree must be affirmed.

Petition, filed in the Probate Court for the county of Dukes County on May 5, 1921, for the proof by copy of an alleged lost will of Lucy J. Dix, late of Oak Bluffs.

In the Probate Court, the petition was heard by *Hopkins*, J. Material evidence is described in the opinion. A decree was entered dismissing the petition; and the petitioner appealed.

The case was submitted on briefs.

*A. L. Braley*, for the petitioner.

*G. H. Shields*, for the respondent.

De Courcy, J. This is a petition to the Probate Court for Dukes County seeking to have a lost will admitted to probate by copy. The decree dismissing the petition recited, "it appearing after hearing thereon, that the original last will and testament of said deceased, of which the instrument herein recited purports to be a copy, was not in existence, uncancelled and unrevoked, at the

death of said Lucy J. Dix, and it not appearing that said original will was fraudulently destroyed by any other person before or after the death of said Lucy J. Dix." The judge, on request of the appellant under G. L. c. 215, § 11, reported the material facts as found by him, including the following: That the original will was duly executed on January 17, 1914; that the paper offered was a copy of the original; that since execution of the will Lucy J. Dix lived with her son the petitioner, and had told divers persons in substance that she had left everything to him; that he did not find a will among her papers when he was appointed conservator of her property in July, 1920; and that a search made by him after her death, which occurred on April 25, 1921, failed to disclose the paper. The last paragraph of the judge's report reads: "I find on all of the evidence that it does not appear and was not proved that the instrument, a copy of which was offered for probate, was in existence at the time of the death of the testatrix, or any time thereafter, and that the presumption that said instrument was revoked by the testatrix during her lifetime has not been overcome or rebutted, and that therefore I disallowed the petition for the probate of the copy of said alleged last will and testament."

It is settled law that where a will once known to exist cannot be found after the death of the testator, there is a presumption that it was destroyed by the maker with an intent to revoke it. *Davis* v. *Sigourney*, 8 Met. 487. *Newell* v. *Homer*, 120 Mass. 277. The claim that this presumption was rebutted by the evidence in the present case, raised an issue of fact for the determination of the trial judge, and his finding must stand unless, on the record before us, such finding was plainly wrong. *Townsend* v. *Townsend*, 243 Mass. 401. This we are not prepared to say, notwithstanding the forcible argument of the appellant. It is not enough to show that a different conclusion might well have been reached. The controversy was one among members of a family. The judge had an opportunity to observe the witnesses, to appreciate the real feelings of Mrs. Dix toward her sons and niece, and so to draw inferences from the testimony which a mere reading of the printed record might not suggest. The will was executed on January 17, 1914. Thereafter Mrs. Dix lived at the home of her son Arthur, to whom the will gave all but one dollar of her property. Prior to May 18, 1919, she had a receipt signed by him, whereby he

agreed in consideration of $500 to give her board and room as long as she lived; and this receipt she gave to her niece Alice R. Freeman on that date. On July 12, 1920, the petitioner was appointed conservator of her property, and took charge of her papers, but did not find a will. In the light of this and other evidence, and the inferences which the judge properly could draw therefrom with reference to the existence of the will uncancelled and unrevoked at the time of the death of Lucy J. Dix, we cannot say that his conclusion was plainly wrong.

*Decree affirmed.*