PETER A. COGHLIN vs. FOREST S. WHITE, administrator.

Worcester.    September 24, 1930. — October 3, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, SANDERSON, & FIELD, JJ.

*Will*, Lost will.  *Probate Court*, Jurisdiction, Appeal.  *Evidence*, Presumptions and burden of proof.

A probate court has authority in proper cases to allow the proof of a lost will upon any competent and positive evidence of the will having been duly executed, of its not having been revoked, and of the substance of its material provisions.

Upon appeal from a decree of a probate court allowing an instrument, "now lost," as a will executed by a woman, the judge of probate reported the material facts found by him under G. L. c. 215, § 11, without a report of the evidence.  He found that the woman went to the office of a justice of the peace and made the will,  complying fully with all the requirements of law as to its execution;  that she then entrusted it to her daughter or the daughter's husband for safe keeping;  that it thereafter was lost or mislaid by some person other than the testatrix; and that she never destroyed it nor revoked it in the methods prescribed by law.  *Held*, that

(1) The evidence not having been reported, it could not be said by this court that the findings by the judge were unwarranted;

(2) Conclusions by the judge that the woman executed the instrument as her will and that the presumption, arising from the fact that the will could not be found, that she had revoked the will, was rebutted, were warranted;

(3) The decree must be affirmed.

PETITION, filed in the Probate Court for the county of Worcester on January 18, 1929, for proof of the will of Caroline M. Snow, late of Worcester.

The petition was heard by *Atwood*, J., and was allowed. The respondent appealed.  Material facts reported by the judge under G. L. c. 215, § 11, appear in the opinion.  The evidence was not reported.

The case was submitted on briefs.

*J. M. Thayer*, for the respondent.

*V. E. Runo & R. W. Anderson*, for the petitioner.

FIELD, J.  The Probate Court of Worcester County entered a decree that an instrument "now lost, and exe-

cuted September 1, 1926," whereby Caroline M. Snow, late of Worcester, deceased, left the residue of her estate to her daughter, Myrtle Coghlin, and appointed said daughter executrix thereof, "be approved and allowed as the last will and testament of said deceased." The administrator of the estate of Salem H. White, who was named as residuary legatee in a prior instrument, dated September 23, 1922, purporting to be a will of the deceased, appealed.

The judge reported "the material facts found by him." G. L. c. 215, § 11. He found "that the deceased, Caroline M. Snow, on September 1, 1926, executed an instrument as her last will substantially in the language in which it is allowed by this decree. The testatrix went with her husband to the office of D. Gage Hunt in Lynn, Massachusetts. Mr. Hunt was a justice of the peace and insurance agent who had had some experience in making out legal papers. He talked with the parties. Mrs. Snow stated that she wished to give all her property to her daughter because it had come from her first husband, the daughter's father. . . . Mrs. Snow took the instrument with her from Mr. Hunt's office. Later, when Mrs. Snow was living with her daughter Myrtle and the daughter's husband, Peter A. Coghlin, . . . she gave the instrument to one of them for safe-keeping. The will was either lost or mislaid and has never been found. At some time Mrs. Snow wished to see the will and search was then made for it, but it could not be found. Mrs. Coghlin thought she had given it to her husband to take to his office to put in his safe, but he did not remember this circumstance. Mrs. Snow stated that it would not make any difference anyway if the will was lost, because the daughter was her only heir." The judge further found "that the testatrix executed the instrument dated September 1, 1926, which is allowed by the decree now appealed from, in the presence of three attesting witnesses and that the attesting witnesses signed it in the presence of the testatrix, and that she was at that time of full age and sound mind; that she was not under the influence or domination of anyone and that the instrument represented her wishes . . . that this instrument was never destroyed by the

testatrix nor by her direction and was never revoked by the testatrix by any subsequent instrument nor by burning, tearing, cancelling or obliteration with the intention of revoking it nor by any later marriage of the testatrix, nor by any other circumstance . . . [and] that the instrument was lost or mislaid by some other person than the testatrix." The evidence is not reported.

The Probate Court "has full authority in proper cases to allow the proof of a lost will by any competent evidence of its contents." *Thayer* v. *Kitchen*, 200 Mass. 382, 385. "Where a will is proved by oral testimony, it cannot be expected that any witness can testify to the exact words used; but what is required is the substance of its material provisions, their true tenor and effect." *Tarbell* v. *Forbes*, 177 Mass. 238, 243. Such oral evidence must be "strong, positive and free from doubt." *Newell* v. *Homer*, 120 Mass. 277, 280. See also *Davis* v. *Sigourney*, 8 Met. 487, 489, 490; *Giles* v. *Giles*, 204 Mass. 383, 387. Moreover, "where a will once known to exist cannot be found after the death of the testator, there is a presumption that it was destroyed by the maker with an intent to revoke it." *Smith* v. *Smith*, 244 Mass. 320, 321.

In the absence of the evidence we cannot say that it did not go far enough to warrant the judge's subsidiary findings and his conclusions that the deceased, being of testamentary capacity and not unduly influenced, duly "executed an instrument as her last will substantially in the language in which it is allowed by this decree," and that the presumption of revocation was rebutted. These conclusions do not purport to be based solely upon the subsidiary findings and are not incompatible with anything therein. See *Briggs* v. *Sanford*, 219 Mass. 572, 573. As the record does not show that they are plainly wrong they must stand. *Smith* v. *Smith*, 244 Mass. 320.

*Decree affirmed.*