JOHN E. MINITER & another *vs.* WILLIAM J. IRWIN & others.

Essex.    December 7, 1953. — January 4, 1954.

Present: QUA, C.J., LUMMUS, WILKINS, SPALDING, & COUNIHAN, JJ.

*Will*, Revocation.  *Evidence*, Presumptions and burden of proof.

There was a presumption of revocation of a will which could not be found
    upon the testator's death some years after its execution, even though
    a carbon duplicate also executed by him and identical with the original
    was retained by the testator's attorney and was produced in good
    order after the testator's death; and where such presumption was not
    overcome the duplicate could not be proved as the testator's will.

PETITION, filed in the Probate Court for the county of
Essex on December 31, 1951, for proof of a certain instru-
ment as the will of Edward M. Irwin, late of Saugus.

The case was heard by *Phelan*, J.

*Richard L. Sisk*, for the petitioners.

*Jerome E. Rosen*, for the respondents.

WILKINS, J.    Edward M. Irwin duly executed a will on
December 12, 1936.  He also executed a duplicate which
was a carbon copy but otherwise identical in all respects
even to the signatures of the same witnesses in the same
order.  After his death on December 20, 1951, the original
could not be found.  There was no direct testimony as to
its whereabouts after execution, but the most likely infer-
ence is that it was taken by the testator.  The subject of
this petition for probate is the carbon duplicate, which was
retained by the attorney in whose office the will was drawn,
Daniel E. Irwin, a cousin of the testator, who died in 1939.
After hearing, a decree was entered ordering that the instru-
ment presented "be disallowed as the last will and testament
of said deceased."  The appellants are John E. Miniter and
John J. Irwin, the son of Daniel E. Irwin, who were named
legatees.  The appellees, the next of kin, are John P. Irwin,
a brother, and William J. Irwin and John Keary, nephews.

"It is settled law that where a will once known to exist cannot be found after the death of the testator, there is a presumption that it was destroyed by the maker with an intent to revoke it. *Davis* v. *Sigourney,* 8 Met. 487. *Newell* v. *Homer,* 120 Mass. 277." *Smith* v. *Smith,* 244 Mass. 320, 321. *Aldrich* v. *Aldrich,* 215 Mass. 164, 170. *Coghlin* v. *White,* 273 Mass. 53, 55. Whether the presumption is overcome in a given case presents a question of fact. *Aldrich* v. *Aldrich, supra,* 170.

Where there are multiple wills the application of these rules presents a question which is novel in this Commonwealth. But in general it may be said, according to decisions in other jurisdictions, that the same rules apply. See cases collected in 17 A. L. R. (2d) 805. And where a will is executed in duplicate, and the testator retains a copy which he destroys or cancels, or which cannot be found after his death, there is at least a presumption that a revocation of the will was intended even though a duplicate is found in apparent good order in the hands of another. Jarman, Wills (8th ed.) 168–169. Page, Wills, § 437. Thornton, Law of Lost Wills, § 68. Underhill, Wills, § 261. 57 Am. Jur., Wills, § 495. 68 C. J., Wills, § 758. Testator's copy not found: *Snider* v. *Burks,* 84 Ala. 53, 58–59. *In re Walsh's Estate,* 196 Mich. 42, 67. *Menzi* v. *White,* 360 Mo. 319, 325. *In re Estate of Drake,* 150 Neb. 568, 573. *In re Lawrence,* 138 N. J. Eq. 134, 136. *Matter of Schofield,* 72 Misc. (N. Y.) 281, 285–286. *Matter of Moore,* 137 Misc. (N. Y.) 522 (will executed in triplicate). *Matter of Robinson,* 257 App. Div. (N. Y.) 405. *In re Will of Wall,* 223 N. C. 591, 592–593. *Bates's Estate,* 286 Pa. 583, 585. *Blalock* v. *Riddick,* 186 Va. 284, 292–293. See *Crossman* v. *Crossman,* 95 N. Y. 145, 150; *Roche* v. *Nason,* 185 N. Y. 128, 135. Testator's copy destroyed or cancelled: *In re Estate of Holmberg,* 400 Ill. 366, 370–371. *Matter of Field,* 109 Misc. (N. Y.) 409. *Rickards* v. *Mumford,* 2 Phillim. 23, 30. *Re Anderson,* [1933] Ont. R. 131, 139. See *O'Neall* v. *Farr,* 1 Rich. (S. C.) 80, 88; *Will of Wehr,* 247 Wis. 98, 110. Compare *Hendry* v. *Wilson,* 202 Ark.

580, 584; *Managle* v. *Parker,* 75 N. H. 139; *Combs* v. *Howard,* 131 S. W. (2d) 206, 209–210 (Tex. Civ. App.).

In the case at bar the probate judge must have found that the presumption of revocation was not overcome. From the reported evidence we cannot say that his implied finding was plainly wrong. It could have been found that the original will, and the only document intended to be a will (see *Managle* v. *Parker,* 75 N. H. 139), was the one not found. If the original will was revoked, as is implied in the probate judge's finding, the duplicate fell with it.

The appellants rely strongly upon their continued friendly relations with the testator and his wife, and upon the facts that on the same occasion when the testator executed his will in duplicate, his wife, who predeceased him by two days, did likewise, and that in each will the spouse was given all the estate, but in the event the spouse did not survive, the property was to go in equal shares to his cousin John J. Irwin and to John E. Miniter, a nephew of the wife. Whether after her death her will was found, aside from the duplicate retained by the attorney, does not appear in the record. On the other hand, the appellees point to testimony of changed circumstances in the fifteen years intervening between the execution of the will and the testator's death. From 1938 on he was the guardian of his brother, who lived with him. He was likewise on friendly terms with William J. Irwin, whom he asked to sign a petition for administration of his wife's estate. Without summarizing all the evidence, we think that there is not enough for us to overturn the probate judge's finding.

*Decree affirmed.*