THOMAS L. GANNON *vs.* CATHERINE MACDONALD & another. February 4, 1972. This is an appeal from a decree of the Probate Court approving and allowing as the last will and testament of Margaret R. Libbey an unexecuted carbon copy of her last will and testament. "It is settled law that where a will once known to exist cannot be found after the death of the testator, there is a presumption that it was destroyed by the maker with an intent to revoke it." *Smith* v. *Smith*, 244 Mass. 320, 321, and cases cited. However, the presumption is rebuttable. The contents of the lost will may be proved by secondary evidence, which may consist of a carbon or other copy of the lost will. *Clark* v. *Wright*, 3 Pick. 67, 69. *Tarbell* v. *Forbes*, 177 Mass. 238, 243. "The Probate Court 'has full authority in proper cases to allow the proof of a lost will by any competent evidence of its contents.' " *Thayer* v. *Kitchen*, 200 Mass. 382, 385. *Coghlin* v. *White*, 273 Mass. 53, 55. It has this authority "not because of any statutory provision but because of the inherent function of the court to do justice in conformity to law." *Drohan* v. *Avellar*, 276 Mass. 441, 444. "Whether the presumption [that a will once known to exist but not found after the death of the testator was destroyed by him with the intent to revoke it] is overcome in a given case presents a question of fact." *Miniter* v. *Irwin*, 331 Mass. 8, 9. In this case the judge made no voluntary findings of facts, and the parties made no request under G. L. c. 215, § 11, that he report the facts found by him. The evidence is reported and it consists almost entirely of oral testimony covering a transcript of 284 pages. In this situation all questions of law and fact, including those of discretion are presented for our decision. *Colbert* v. *Hennessey*, 351 Mass. 131, 134. The entry of the decree allowing the lost will "imports a finding of every fact essential to sustain it within the scope of the pleadings and supported by the evidence." *Cardullo* v. *Landau*, 329 Mass. 5, 6. *McMahon* v. *Monarch Life Ins. Co.* 345 Mass. 261, 262. Such implied "findings of fact based wholly or partly upon oral testimony are not to be set aside unless we are satisfied, after giving to the oral testimony all the weight that the trial judge could justifiably attribute to it, that, nevertheless, his findings are plainly wrong." *Hosken, Inc.* v. *Hingham Management Corp.* 328 Mass. 588, 589, and cases cited. *Colbert* v. *Hennessey, supra.* Our examination of the evidence does not show that the findings implied in the entry of

the decree are plainly wrong, and therefore they must stand. No useful purpose would be served by a recital of the evidence supporting the action of the judge. The decree is affirmed. Costs and expenses are to be in the discretion of the Probate Court.

*So ordered.*

*John J. Sullivan* (*Edward Hintlian* with him) for the contestants.
*Peter F. Brady* for the proponent.