VALERIE LAPLANTE *vs.* MICHAEL GEMELLI. November 4, 1975. These are appeals by the mother of an eight-year-old child from decrees of a probate judge awarding custody of the child to the father on his petition and denying her cross petition for custody. We have before us a transcript of the evidence, including the report of an investigator appointed under G. L. c. 215, § 56B. See *Jenkins* v. *Jenkins,* 304 Mass. 248, 252-253 (1939); *Jones* v. *Jones,* 349 Mass. 259, 264 (1965). In the circumstances the appeal presents all questions of fact and of law. We must examine the evidence and arrive at our own conclusions therefrom. However, where as here, the judge's decision turned largely upon oral testimony, it must stand unless found by us to be plainly wrong. *Colbert* v. *Hennessey,* 351 Mass. 131, 134 (1966). *Gannon* v. *MacDonald,* 361 Mass. 851 (1972). We bear in mind that the judge, who saw and heard the witnesses, was in a better position to determine their credibility than are we from the printed record. Our review of the evidence leads to the conclusion that the ultimate finding of the judge,

implicit in his decree, that the best interests of the child will be served by giving custody to her father, is not plainly wrong. Compare *Fuller* v. *Fuller,* 2 Mass. App. Ct. 372 (1974).

*Decrees affirmed.*

*Irene E. Goldberg (Deborah Bennett* with her) for Valerie LaPlante.
*Charlotte Anne Perretta (George P. Lordan, Jr.,* with her) for Michael Gemelli.