JOHN B. WALSH *vs.* RONALD W. KEEFE. January 28, 1976. The testimony of the witness Glidden concerning his telephone conversation with the testator which was offered by the proponent of the copy of the codicil (as to which see *Gannon* v. *MacDonald,* 361 Mass. 851 [1972]) was admissible in evidence in accordance with the principles stated in *Phillips* v. *Chase,* 201 Mass. 444, 448-449 (1909). See also *Panell* v. *Rosa,* 228 Mass. 594 (1917); *Edelstein* v. *Old Colony Trust Co.* 336 Mass. 659, 666 (1958); 8 Wigmore, Evidence § 2329, at 77 (Supp. 1975); McCormick, Evidence, § 94, at 198-199 (2d ed. 1972); Hughes, Evidence, § 166, at 174 (1961). The proponent was confronted with the presumption that the testator had destroyed the original of the codicil with intent to revoke it (see *Miniter* v. *Irwin,* 331 Mass. 8, 9 [1954]) as well as with express testimony to the same effect, and the proponent was entitled to have the judge consider the evidence to the contrary which was excluded. The decree entered on the petition of John B. Walsh is reversed, and that petition is to be tried anew.

> *So ordered.*

The case was submitted on briefs.
*Don L. Carpenter* for John B. Walsh.
*Jeffrey J. Binder* for Ronald W. Keefe.

WILLIAM MCCLINTOCH & another *vs.* PARKER ALLEN. January 29, 1976. The plaintiffs have appealed from an order for judgment entered after allowance of the defendant's motion to dismiss for failure to prosecute and after denial of the plaintiffs' motion for rehearing. Rule 41 (b) (2) of the Massachusetts Rules of Civil Procedure, 365 Mass. 804 (1974), provides: "On motion of the defendant, with notice, the court may, *in its discretion,* dismiss any action for failure of the plaintiff to prosecute . . ." (emphasis supplied). No abuse ,of that discretion has been demonstrated. The order for judgment is affirmed, and judgment is to be entered dismissing the action.

> *So ordered.*

*Thomas M. Kiley* for the plaintiffs.
*Michael Wheeler (George P. Lordan, Sr.,* with him) for the defendant.