JOHN J. CALLAHAN *vs.* WESTINGHOUSE BROADCASTING COMPANY, INC. & another.[1]

Suffolk. January 5, 1977. — May 13, 1977.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, KAPLAN, WILKINS, LIACOS, & ABRAMS, JJ.

*Libel. Constitutional Law,* Libel. *Words,* "Clear and convincing proof."

In an action for libel brought by a public official, there was no error in the judge's charge to the jury, taken as a whole, on the standard of "clear and convincing proof." [585-587] QUIRICO, J., dissenting.
Suggested form of instructions to a jury defining "clear and convincing proof." [587-588]

---

[1] The other defendant is John A. Kelly.

TORT.    Writ in the Superior Court dated June 29, 1972. The action was tried before *Bennett,* J.

After review was sought in the Appeals Court, the Supreme Judicial Court, on its own initiative, ordered direct appellate review.

*Francis J. DiMento* for the plaintiff.

*Charles R. Parrott* for the defendants.

WILKINS, J.    The plaintiff appeals following judgments on jury verdicts for the defendants in his libel action against the Westinghouse Broadcasting Company, Inc., and one of its reporters. The plaintiff was a member of the Boston Licensing Board at the time of the alleged libels and admittedly was a public official. He thus acknowledges that under applicable principles of constitutional law he had the burden of persuading the jury by "clear and convincing proof" that the defendants had knowledge of the falsity of their statements or that they acted in reckless disregard of the truth. See *Stone* v. *Essex County Newspapers, Inc.,* 367 Mass. 849, 851, 870 (1975); *Gertz* v. *Robert Welch, Inc.,* 418 U.S. 323, 342 (1974); *New York Times Co.* v. *Sullivan,* 376 U.S. 254, 285-286 (1964). His sole argument on appeal is that, in defining "clear and convincing proof" to the jury, the judge imposed too high a level of proof on him. Considering the judge's charge as a whole, we conclude that there was no error.

Until our opinion in the *Stone* case, *supra,* the words "clear and convincing proof" had not been discussed in our cases because the phrase had not been used theretofore in this Commonwealth. Indeed, because of the vagueness of an intermediate standard of proof, we have not looked with favor on the use of such a standard. See *Department of Pub. Health* v. *Cumberland Cattle Co.,* 361 Mass. 817, 830-831 (1972), and cases cited; *Matter of Mayberry,* 295 Mass. 155, 167 (1936). See also *Stone* v. *Essex County Newspapers, Inc., supra* at 875-876 (Quirico, J., concurring in part and dissenting in part). We have discussed the possibility, however, that proof in particular

instances must reach a level of proof above the preponderance of the evidence but not as high as "beyond a reasonable doubt." See *Kidder* v. *Greenman*, 283 Mass. 601, 613-614 (1933), discussing, but not determining, the meaning of the requirement of "full, clear, and decisive" proof necessary to reform or cancel an instrument on the ground of mutual mistake. See also K.B. Hughes, Evidence § 25 (1961). In *Foley* v. *Coan*, 272 Mass. 207, 209-210 (1930), we said that the burden of proof to establish a gift causa mortis "is heavier than in the case of a simple gift *inter vivos*..." and "[t]he proof must be convincing, though it need not reach the certainty required in criminal proceedings." Without discussing the subject in terms of the burden of proof, we have said that oral proof of the contents of a lost will must be "strong, positive and free from doubt." *Newell* v. *Homer*, 120 Mass. 277, 280 (1876). See *Coghlin* v. *White*, 273 Mass. 53, 55 (1930). None of these opinions, dealing with an actual or possible intermediate level of proof, has considered the appropriateness of jury instructions.

In the *Stone* opinion we discussed what "clear and convincing proof" means, mentioning the various other cases already cited in this opinion. "The *New York Times* and the *Gertz* cases offer no definition of the meaning of 'clear and convincing proof,' to assist in formulating jury instructions. However, from other sources we find the phrase defined. Clear and convincing proof involves a degree of belief greater than the usually imposed burden of proof by a fair preponderance of the evidence, but less than the burden of proof beyond a reasonable doubt imposed in criminal cases. See *Foley* v. *Coan, supra; Coghlin* v. *White, supra.* It has been said that the proof must be 'strong, positive and free from doubt' (*Coghlin* v. *White, supra,* at 55, quoting from *Newell* v. *Homer*, 120 Mass. 277, 280 [1876]), and 'full, clear and decisive' (*Kidder* v. *Greenman, supra,* at 613, and cases cited). See generally, Wigmore, Evidence, § 2498 (3) (3d ed. 1940)." *Stone* v. *Essex County Newspapers, Inc., supra* at 871. We recognized

that "until the Supreme Court makes additional comment on the issue, if it does, the jury should be charged according to that standard" (footnote omitted). *Id.* at 870. We turn then to a consideration of the judge's charge to the jury in this case.

The judge charged the jury on July 1, 1975, just over a month after our opinion in the *Stone* case. He gave a careful charge concerning the consequences of the defendants' First Amendment rights on the plaintiff's libel action. He was well aware of our opinion in the *Stone* case and told the jury that they were "faced with two different concepts of burden of proof . . . ." He defined proof by a fair preponderance of the evidence. He next explained that proof by clear and convincing evidence would be required only as to that part of the case which involves "the question of whether or not Kelly knew these statements were false or had serious doubts as to their truth." He described what the plaintiff had to prove by a preponderance of the evidence.

Then the judge instructed the jury as follows:

"You now come to the point, if you have decided some false statements that were defamatory and some actual damage to Callahan, and you then come to this last big hurdle, to wit: the plaintiff must satisfy you by clear and convincing evidence that Mr. Kelly either knew that some of the statements in the broadcasts or all of them were false or had serious doubts as to their truth. And, if you are unable to find that on clear and convincing evidence, no matter how hard you have worked over those matters that I have talked about at first, you will have to come in with verdicts for the defendants.

"You are obliged to be satisfied on clear and convincing evidence that Kelly knew some statements were false or had serious doubts as to their truth himself; not that he ought to have known, not that he ought to have had serious doubts, but that he did have serious doubts, on clear and convincing evidence, which I will now address myself to.

"This is what the Supreme Judicial Court says is clear and convincing evidence for a jury: '... a degree of belief greater than the usually imposed burden of proof by a fair preponderance of the evidence, but less than the burden of proof beyond a reasonable doubt imposed in a criminal trial.'

"The Court also says:

" 'There must be sufficient clear and convincing evidence that the defendant in fact entertained serious doubts as to the truth of his publication. The test is entirely subjective. That a reasonably prudent person should have entertained serious doubts is not sufficient.

" 'In order to negate the privilege' — that is to say, the First Amendment privilege, the freedom of the press — 'the jury must find on clear and convincing evidence that such doubts were in fact entertained by the defendant himself. The jury may of course reach such a conclusion on the basis of inferences drawn from objective evidence, since it would perhaps be rare for a defendant to admit himself having had serious doubts.'

"Now, plainly, from what the Court says, what you have here is some ground of proof higher than a fair preponderance of the evidence but lower than beyond a reasonable doubt, and the best I could suggest to you, I think, in trying to apply this burden of proof against the plaintiff is: ten of you are going to have to be satisfied that it is highly probable on evidence that is clear to you that Mr. Kelly personally seriously doubted the truth of some or all of the statements made in the broadcasts.

"*The word 'convincing' after the word 'clear' — 'clear and convincing' — suggests to me that there should not be too much room for argument among reasonable men and women under the standard of clear and convincing proof*; and I think, if I said more on this, I would create more error than perhaps I already have [emphasis supplied].

"But let me leave it with you that it plainly is a burden that is higher than just more probable than not. It plainly is a burden that is less than beyond a reasonable doubt,

but there is no doubt that it is a greater burden than simply more probable than not."[2]

At the conclusion of the charge, counsel for the plaintiff made the following statement to the judge at the bench: "And I believe you said toward the end of your charge, Your Honor, words to this effect: 'I suggest that in the context of the standard of clear and convincing burden of proof there cannot be too much argument among the jurors,' or words to that effect. I suggest Your Honor, that you would not have given such a charge if you were talking about proof beyond reasonable doubt, and I think the charge is erroneous. I object to it, and I ask you to instruct the jury to disregard that instruction." The judge overruled the objection.

We note first that the judge did not instruct the jury that there "cannot be too much argument among the jurors." He said that "there should not be too much room for argument among reasonable men and women...." The difference is not merely semantic. The judge was not telling the jury that, if they argued very much, the defendants must win. He was trying to describe the elusive intermediate level of burden of persuasion in terms which the jury could understand. His choice of words was perhaps more informative, and certainly no more onerous on the plaintiff, than the words "strong, positive and *free from doubt*" (emphasis supplied) and "full, clear and *decisive*" (emphasis supplied) indorsed by us in our *Stone* opinion. Coupled with the other deliberate instructions given by the judge on the subject of "clear and convincing proof," the words particularly challenged by the plaintiff were not improper.

We think it may be of assistance to suggest a form of

---

[2] The judge did not define proof beyond a reasonable doubt, and the plaintiff makes no objection to that fact. Early in the charge the judge asked the jury to indicate by a show of hands whether any jurors had sat on a criminal case. The record does not show how many raised their hands, but the judge said, "All right, then. Much of what I have to say will perhaps be more intelligible than otherwise would be the case."

instruction which defines "clear and convincing proof," not in terms of the quality of the evidence, but in terms of the state of mind of the trier of facts. McBaine, Burden of Proof: Degrees of Belief, 32 Cal. L. Rev. 242, 253-254 (1944). But see James, Burdens of Proof, 47 Va. L. Rev. 51, 54-55 (1961). Borrowing from suggestions made in Professor McBaine's article just cited (McBaine, *supra* at 263-264), the Supreme Court of Connecticut recently has suggested a form of charge which might be given to a jury in a libel action involving a public figure. *Dacey v. Connecticut Bar Ass'n,* 170 Conn. 520, 537 n.5 (1976). The Connecticut court said: "The burden of persuasion, therefore, in those cases requiring a showing of clear and convincing proof is sustained if evidence induces in the mind of the trier a reasonable belief that the facts asserted are highly probably true, that the probability that they are true or exist is substantially greater than the probability that they are false or do not exist." *Id.* at 537. The text of the full charge suggested in Professor McBaine's article is set forth in the margin.[3] Preceded by an instruction that the jury should examine the evidence and weigh the probabilities with particular care, we think such an instruction is appropriate in dealing with what is admittedly a difficult subject. As a practical matter, what the judge told the jury in this case is not far different.

*Judgments affirmed.*

QUIRICO, J. (dissenting). In affirming the judgments in this case the court reaffirms and applies the holding

---

[3] The article proposes the following charge: "The burden [of persuasion] is not a burden of convincing you that the facts which are asserted are certainly true or that they are almost certainly true, or are true beyond a reasonable doubt. It is, however, greater than a burden of convincing you that the facts are more probably true than false. The burden imposed is to convince you that the facts asserted are highly probably true, that the probability that they are true or exist is substantially greater than the probability that they are false or do not exist. If then you believe upon consideration and comparison of all the evidence in the case that there is a high degree of probability that the facts are true you must find that the fact[s] have been proved." McBaine, *supra* at 263-264.

in *Stone* v. *Essex County Newspapers, Inc.,* 367 Mass. 849, 851, 870 (1975), to the effect that "a plaintiff who is a public officer or a public figure may in such an action recover only on proof of 'actual malice' (wilful or reckless disregard of the truth in the publishing of the libel)," and that "as, matter of constitutional law," a "plaintiff is required to prove actual malice ... not merely by the fair preponderance of the evidence, but by 'clear and convincing proof.' "

If, indeed, the United States Supreme Court has mandated that the proof of malice in such a case must be by "clear and convincing proof," then I would agree that the trial judge made a commendable effort "to describe the elusive intermediate level of burden of persuasion in terms which the jury could understand," as stated by the court in today's opinion. At 587.

However, for the reasons stated in my separate opinion in *Stone* v. *Essex County Newspapers, Inc.,* 367 Mass. 849, 872 (1975), I do not agree that the United States Supreme Court has constitutionally mandated that the plaintiff prove malice in such a case by anything more than a fair preponderance of the evidence. In any event that court has not mandated that such proof be by "clear and convincing" evidence. Further, I do not agree that a requirement for proof of a fact by "clear and convincing" evidence is capable of being explained by a trial judge to a jury in any manner which enables the jury to figuratively calibrate and weigh the evidence as if it were a tangible object being measured and weighed by precision instruments, for the purpose of determining whether it satisfies that "elusive intermediate level of burden of persuasion" at some indefinite level between proof by a fair preponderance of the evidence and proof beyond a reasonable doubt. I would not impose on the plaintiff a burden of proof which is so difficult to articulate, even by an appellate court of last resort, and therefore even more difficult to be understood or applied by a jury. Because of what I believe was an error in instructions, I would reverse for a new trial.